IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON LEE NIEMAN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2433-L** |
| | § | |
| **KEITH HALE, INSURANCE SEARCH** | § | |
| **GROUP, and JOHN DOE** | § | |
| **CORPORATION**, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Leave to File His First Amended Complaint, and

Motion for Issuance of a Summons and Service by Way of the Clerk of the Court and U.S.

Marshall's[sic] Service, filed July 31, 2012.  For the reasons explained herein, the court **grants**

Plaintiff's Motion for Leave to File His First Amended Complaint and **denies** Plaintiff's Motion for

Issuance of a Summons and Service by Way of the Clerk of the Court and U.S. Marshall's[sic]

Service.  Because the court does not believe that Plaintiff has stated a claim upon which relief can

be granted, the court will permit him to amend his pleadings but will not grant his request to have

the marshal effect service on Defendants at this time.

## I.    Background

Plaintiff Jason Lee Nieman ("Nieman" or "Plaintiff"), who is proceeding *pro se*, brought this

action against Keith Hale ("Hale"), Insurance Search Group ("ISG"), and John Doe Corporation

(collectively, "Defendants"), asserting a retaliation claim[*] under  Title VII of the Civil Rights Act

---

[*] Nieman's employment claim appears to be based solely on retaliation; however, as noted herein, he
alleges that Defendants engaged in unspecified discrimination.

**Memorandum Opinion and Order - Page 1**

of 1964 ("Title VII"), as amended; 42 U.S.C. § 1981; the Texas Commission on Human Rights Act ("TCHRA"); and the Illinois Human Rights Act ("IHRA"); and seeking approximately $50,000 in damages.

Nieman alleges in his Complaint that Defendant Insurance Search Group ("ISG") is an employment agency and Defendant Keith Hale ("Hale") is an insurance employment recruiter for ISG. Nieman contends that on March 22, 2012, he applied for a Claim Director position in Dallas, Texas, by responding to an ISG advertisement that listed the Claim Director position and qualifications for the position on behalf of an unnamed corporation. Nieman contends that although he is qualified for the position, he received no response from ISG and Hale to his application or subsequent requests for acknowledgment that they received his application. Because ISG and Hale were represented by counsel in one of the other suits filed by Nieman, he also attempted to communicate with their counsel but received no response.

Nieman contends that ISG and Hale refused to consider his application for the Claim Director position in retaliation for his filing two prior lawsuits. Nieman asserts that one of these lawsuits involved his discrimination and retaliation claims against ISG, Hale, and RLI Corporation after he was not hired for another position that he applied for with RLI Corporation. Nieman brought the second lawsuit against Nationwide and other defendants, but he does not provide any further detail about this lawsuit. Nieman further contends that Hale communicated information about Nieman's lawsuits to other recruiters with the goal of causing him to be "blacklisted." Pl.'s Compl. 8, ¶ 17.

Nieman does not know which company was seeking to fill the Claim Director position that he applied for in March 2012, and he is unaware of the company's involvement in Hale's and ISG's alleged refusal to consider his employment application. In an April 30, 2012 letter to the Texas

**Memorandum Opinion and Order - Page 2**

Workforce Commission, he similarly stated that he has not verified who the prospective employer is and "it is very likely they are not aware of my application as this time." Doc. 3, 29.  He nevertheless asserts that the company (John Doe Corporation) is vicariously liable for any discrimination or retaliation committed by Hale and ISG, and he believes that the unknown company has more than 15 employees.  As a result of Defendants' conduct, Nieman contends he and his family have suffered mental anguish, humiliation, degradation, physical injury, emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, unfounded damage to his professional business reputation, and other consequential damages.

Attached to Nieman's Complaint is a Dismissal and Notice of Rights provided to Nieman by the Equal Employment Opportunity Commission ("EEOC") that issued the following determination: "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."  Doc. 3, 27.  Based on the EEOC's determination, Nieman asserts that "[i]t is very arguable that the U.S. EEOC violation its statutory duties in this matter," but he does not assert any claims against the EEOC.

## II.     Analysis

At the pleading stage for purposes of Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

**Memorandum Opinion and Order - Page 3**

unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1950.

Whether the complaint states a valid claim at the pleading stage under Rule 12(b)(6) is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Title VII makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a).  Similarly,

it is unlawful for an employment agency "to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(b).  Further, it is "an unlawful employment practice for an employer to discriminate against any of [its] employees or applicants for employment, for an employment agency . . . to discriminate against any individual . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII, or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct he opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

To establish a *prima facie* case of retaliation in this circuit, a plaintiff must show that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).  The establishment of a *prima facie* case gives rise to an inference of retaliation. *Montemayor,* 276 F.3d at 692.  This inference, in turn, shifts the burden of proof to the defendant, who must then articulate a legitimate, nondiscriminatory or nonretaliatory reason for the challenged employment action.

*McCoy*, 492 F.3d at 557.  Once a defendant asserts such a reason, the inference of discrimination or retaliation raised by the *prima facie* showing drops from the case.  *Montemayor,* 276 F.3d at 692. At this point, summary judgment is appropriate unless the plaintiff can prove that the defendant's rationale is pretextual.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-03 (1973).

In *Burlington Northern & Santa Fe Ry. Co. v. White*, the Supreme Court held that, because the discrimination and retaliation provisions of Title VII have different statutory language and different purposes, "the antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." 548 U.S. 53, 64 (2006). Consistent with this view, the Court held that a plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory action "materially adverse" in that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotation marks and citation omitted).  In so ruling, the Court rejected Fifth Circuit authority, *id.* at 67, which defined adverse employment actions as "ultimate employment decisions" and limited actionable retaliatory conduct to acts "such as hiring, granting leave, discharging, promoting, and compensating." *Id.* at 61 (quoting *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)).  In evaluating whether actions are materially adverse, the Court went on to hold that "petty slights, minor annoyances, and simple lack of good manners will not" deter or dissuade a reasonable employee from making or supporting a charge of discrimination, and therefore they do not constitute conduct that is "materially adverse."  *Id.* at 68.

A prima facie case of retaliation under both Title VII and the TCHRA requires that the plaintiff demonstrate the same factors. *See Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 676 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).  Additionally, because the TCHRA effectuates

federal legislation, Texas courts look to federal precedent when interpreting the statute. *Univ. of Tex. v. Poindexter*, 306 S.W.3d 798, 807 n.7 (Tex. App.—Austin 2009, no pet.). Likewise, the necessary elements for retaliation claims under Title VII and the IHRA are the same. *Pesek v. Caterpillar Inc.*, No. 10 C 3546, 2012 WL 3069773, at *2 (N.D. Ill. July 27, 2012).

Nieman's claim for retaliation as currently pled fails to state a claim under Title VII, the TCHRA, and the TCHRA. Specifically, Nieman fails to allege sufficient facts regarding the "protected activity" he allegedly engaged in under Title VII, the TCHRA, and the IHRA. Nieman alleges that he filed two lawsuits in Illinois. One of these cases, *Nieman v. RLI Corporation, et al.*, 1:12-CV-01012 (C.D. Ill.), was against RLI Corporation, Hale, ISG, and others for unspecified discrimination and retaliation. The basis of the other lawsuit brought by Nieman, *Nieman v. Nationwide, et al.*, 3:09-CV-03304 (C.D. Ill.), is unclear. Such conclusory allegations are insufficient to meet the pleading requirements of Rule 8 and those necessary to survive a motion to dismiss under Rule 12(b)(6).

Moreover, Nieman contends that "John Doe Corporation is vicariously liable for any *discrimination* or retaliation of Hale and ISG" and "is required to ensure that such employment agents do not discriminate and/or retaliate in violation of state and/or federal law"; however, Nieman's Complaint contains no factual allegations to support a claim for discrimination. Pl.'s Compl. 5, ¶ 11 (emphasis added). While a plaintiff is not required to plead a prima facie case based on discrimination and retaliation at the pleading stage for purposes of Rules 8 and 12(b)(6), *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002), he must set forth allegations that would enable the court to reasonably infer that his employer or employment agency discriminated against

him in violation of Title VII and took the alleged adverse employment action because he engaged in protected activity.

Nieman has requested to amend his pleadings.  Because he is proceeding *pro se*, the court will allow him one final chance to file an amended complaint that corrects the noted deficiencies by alleging facts to state a claim under Title VII, the TCHRA, and the IHRA.   Accordingly, the court **grants** Plaintiff's Motion for Leave to File His First Amended Complaint.   Further, because Plaintiff's employment claims as pled fail to state a claim, there is no indication that Nieman is authorized to proceed *in forma pauperis* or has attempted to effect service on Defendants in any other manner, the court **denies** Plaintiff's Motion for Issuance of a Summons and Service by Way of the Clerk of the Court and U.S. Marshal's[sic] Service.  *See* Fed. R. Civ. P. 4(c)(3).

## III.    Conclusion

For the reasons explained, the court **grants** Plaintiff's Motion for Leave to File His First Amended Complaint and **denies** Plaintiff's Motion for Issuance of a Summons and Service by Way of the Clerk of the Court and U.S. Marshal's[sic] Service.  Plaintiff is **directed** to file an amended complaint by **August 22, 2012,** that corrects the deficiencies noted.  If Plaintiff fails to file an amended pleading that meets the requirements of Rule 8 and is insufficient to survive a Rule 12(b)(6) motion, the court will dismiss this action *sua sponte* pursuant to Rule 12(b)(6) for failure to state a claim or Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**It is so ordered** this 8th day of August, 2012.

Sam A. Lindsay
United States District Judge