IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON LEE NIEMAN,                    §
                                     §
              Plaintiff,             §
                                     §
V.                                   §          No. 3:12-cv-2433-L-BN
                                     §
KEITH HALE, ET AL.,                  §
                                     §
              Defendants.            §

## MEMORANDUM OPINION AND ORDER ON DISCOVERY MOTIONS

Plaintiff Jason Lee Nieman filed a Motion to Compel Discovery Responses of Defendants Keith Hale and Insurance Search Group (the "Motion to Compel"). *See* Dkt. No. 44. Defendants Keith Hale ("Hale") and Insurance Search Group ("ISG," and with Hale, "Defendants") filed a Response, *see* Dkt. No. 46, and Plaintiff filed a Reply. *See* Dkt. No. 47. Because Plaintiff apparently filed his Motion to Compel prior to receiving Defendants' discovery responses and initial production, the undersigned ordered the parties to confer and file a joint status report (the "JSR"). *See* Dkt. No. 48. In the order, the undersigned ordered Plaintiff to "identify each request for production ("RFP" or interrogatory for which he seeks to compel further information, and ... specifically explain why he is entitled to relief as to each identified RFP or interrogatory." Dkt. No. 48 at 3.

On November 6, 2013, the parties filed the JSR. Unfortunately, contrary to the instructions set forth in the undersigned's prior order, the parties group multiple RFPs and interrogatories together and make overarching arguments that make the relief

that each party seeks in the JSR at times difficult to determine. On November 22, 2013, the undersigned held a telephonic oral argument with Plaintiff and Defendants' counsel on the pending discovery motions. *See* Dkt. No. 58.

With the aid of the oral argument, the undersigned will address all RFPs and interrogatories that appear from the JSR to be at issue. To the extent that any additional RFPs and interrogatories at issue are not specifically addressed herein, Plaintiff's challenges are considered waived for insufficient briefing, and his Motion to Compel [Dkt. No. 44] is DENIED as to those requests. The RFPs and interrogatories are addressed below in the order presented by the parties in the JSR.

In addition to the Motion to Compel, Defendants' Motion for Protective Order [Dkt. No. 52] is also pending. Because the Motion for Protective Order simply contains additional briefing as to certain issues raised in the JSR, the undersigned has considered the Motion for Protective Order, as well as Plaintiff's Response to that motion [Dkt. No. 53], in ruling on the Motion to Compel. Consequently, the Motion for Protective Order [Dkt. No. 52] is GRANTED in part and DENIED in part to the same extent as the overlapping issues are addressed herein as to Plaintiff's Motion to Compel.

## Legal Standards

Fed. R. Civ. P. 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The

United States Supreme Court has recognized that the discovery rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947). The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). But the "party asserting a privilege exemption from discovery" – here, Defendants – "bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

Before addressing the applicability of which documents are protected by the attorney-client privilege, the undersigned must consider whether federal or state law of attorney-client privilege applies. In a diversity action raising only state law claims, the Court must apply the state law of attorney-client privilege. *See* FED. R. EVID. 501. In a case raising only federal claims over which the Court has federal-question jurisdiction, federal common law controls any privilege issues. *See id.*; *Willy v. Admin. Rw. Bd.*, 423 F3d. 483, 495 (5th Cir. 2005). Here, invoking the Court's federal-question jurisdiction under 28 U.S.C. § 1331, Plaintiff asserts a retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended; the Texas Commission on Human Rights Act; and the Illinois Human Rights Act. *See* Dkt. No. 35. He raises the same allegations in support of his claim under the federal statute and the state statutes, *see id.*, and the Court has previously explained that Plaintiff must prove the same elements to prevail on his claim under each of these statutes, *see* Dkt. No. 7. Other Texas federal courts have persuasively reasoned that federal privilege law applies where a plaintiff raises both federal and state claims and the evidence at issue

-3-

is relevant to both. *See Guzman v. Memorial Hermann Hosp. Sys.*, Civ. A. No. H-07-3973, at *4-*7 (S.D. Tex. Feb. 20, 2009) (discussing cases). Under the circumstances here, and for the reasons aptly explained by Judge Rosenthal in *Guzman*, the Court concludes that the federal common law of privilege applies in this case.

Representations involving multiple clients with separate counsel call for the application of what have been called the joint-defense or common-interest doctrine. The joint-defense or common-interest doctrine extends certain privileges, typically the attorney-client privilege and work product protection, to documents that are prepared by parties sharing a common litigation interest that would otherwise not enjoy such privilege. *See FTC v. Think All Publishing, L.L.C.*, No. 4:07-cv-011, 2008 WL 687456, at *1 (E.D. Tex. Mar. 11, 2008) (citing *Ferko v. NASCAR*, 219 F.R.D. 396, 401 (E.D. Tex. 2003)). "Thus, while the attorney-client and work product privileges are typically waived upon disclosure to a third party, where that third party 'share[s] a common legal interest' with the producing entity, such production does not waive either privilege." *Id.* (quoting *Ferko*, 219 F.R.D. at 401).

The joint-defense or common-interest doctrine applies under federal common law in the Fifth Circuit to "(1) communications between co-defendants in actual litigation and their counsel and (2) communications between potential co-defendants and their counsel." *Santa Fe*, 272 F.3d at 710 (internal citations omitted). The joint-defense or common-interest doctrine "extends the attorney-client privilege to communications prompted by threatened or actual civil or criminal proceedings and intended to facilitate representation between potential co-defendants with a common legal interest

-4-

and their counsel." *Autobytel, Inc. v. Dealix Corp.*, 455 F. Supp. 2d 569, 576 (E.D. Tex. 2006) (citing *Santa Fe*, 272 F.3d at 710-11). The doctrine "exists to protect communications between two parties or attorneys that share a common legal interest," and, "[f]or example, courts have found that co-defendants, an insurer and an insured, and a patentee and a licensee share a common legal interest." *Ferko v. NASCAR*, 219 F.R.D. 403, 406 (E.D. Tex. 2003). But the "doctrine is to be narrowly construed because, although policy considerations support its use in some circumstances, it is 'an obstacle to truth seeking.'" *Think All Publishing*, 2008 WL 687456, at *1. For communications between potential co-parties to be covered by the doctrine, "there must be a palpable threat of litigation at the time of the communication, rather than a mere awareness that one's questionable conduct might some day result in litigation, before communications between one possible future co-defendant and another ... could qualify for protection." *Santa Fe*, 272 F.3d at 711.

Plaintiff also invokes the crime-fraud exception. ""Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity." *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005). This exception also applies to work-product protections. *See In re Grand Jury Subpoenas*, 561 F.3d 408, 411 (5th Cir. 2009). The party seeking discovery of privileged or protected information bears the burden of establishing a prima facie case that the attorney-client relationship was intended to further criminal or fraudulent activity. *See Grand Jury*, 419 F.3d at 335. To make the necessary prima facie showing for the

application of the crime-fraud exception, Plaintiff "must produce evidence such as will suffice until contradicted and overcome by other evidence ... a case which has proceeded upon sufficient proof to that stage where it will support [a] finding if evidence to the contrary is disregarded." *Id.* at 336 (internal quotation marks omitted). "Allegations in pleadings are not evidence and are not sufficient to make a prima facie showing that the crime-fraud exception applies." *Id.* The Fifth Circuit has required that Plaintiff also show "some valid relationship between the work product under subpoena and the prima facie violation" or that the communication or "[work product] material reasonably relate[s] to the fraudulent activity." *Id.* at 336 n.7 (internal quotation marks omitted). But, "where there is no discernible limit to the subpoena or discovery request at issue, a prima facie showing is made if the party seeking the otherwise privileged materials produces sufficient evidence that during the attorney-client relationship, the client intended to further a future or ongoing crime or fraud." *Id.* However, "the proper reach of the crime-fraud exception when applicable does not extend to all communications made in the course of the attorney-client relationship, but rather is limited to those communications and documents in furtherance of the contemplated or ongoing criminal or fraudulent conduct." *Id.* at 343. "After the party seeking disclosure meets its prima facie showing that the client intended to further an ongoing crime or fraud during the attorney-client relationship such that the crime-fraud exception applies, the only attorney-client communications and work product materials falling within the scope of the crime-fraud exception are those shown to hold some valid relationship to the prima facie violation such that they

-6-

reasonably relate to the fraudulent activity." *Id.* at 346 (internal quotation marks omitted).

## Defendants' Motion for Protective Order

Defendants' Motion for Protective Order provides some additional facts and arguments as to why Plaintiff's motion to compel privileged information should be denied. However, Defendants cite no authority in their motion. Specifically, Defendants seek to protect: (1) communications between Defendants and their counsel, both in this action and in another case involving many of the same parties currently pending in the Central District of Illinois, *see Nieman v. RLI Corp., et al*, 1:12-cv-01012-JES-JAG (C.D. Ill.) (the "Illinois Action"); and (2) the identity of John Doe Corp. Because the issues raised in the Motion for Protective Order are resolved by the undersigned's determinations concerning the Motion to Compel, the Motion for Protective Order [Dkt. No. 52] is GRANTED in part and DENIED in part to the same extent as these issues are addressed herein as to Plaintiff's Motion to Compel.

In addition, the undersigned notes that Defendants requested that the undersigned wait to resolve the privilege issue raised in the Motion for Protective Order until this issue is resolved in the Illinois Action in order to prevent "a potential for inconsistent rulings between sister courts." Dkt. No. 52 at 4. The undersigned has considered Defendants' request but determines the requested wait or abatement to be unnecessary. The Illinois Action and the instant case both involve a Title VII claim by Plaintiff against Defendants; however, each case is premised on different sets of facts and circumstances. Although some of the discovery issues are similar, different rulings

by the Central District of Illinois and the Northern District of Texas may be different based on the set of facts and circumstances in each case. Moreover, to the extent that Plaintiff seeks documents in this action that were generated in connection with the Illinois Action, Defendants had the opportunity to – and did – point the Court to relevant orders in place by the Central District of Illinois. *See, e.g.*, Dkt. No. 52-1.

**Plaintiff's Motion to Compel**

RFP Nos. 1, 2, & 17 and Interrogatory Nos. 3, 16, & 23

The undersigned notes that Plaintiff did not follow the procedure outlined in the undersigned's Order requiring Plaintiff to address each RFP or interrogatory at issue individually. It is therefore difficult for the Court to determine the basis of Plaintiff's argument that he is entitled to documents called for by these RFPs and interrogatories or, specifically, what documents and information Plaintiff believes that each RFP and interrogatory calls for. However, because the parties have lumped this group of RFPs and interrogatories together, the undersigned will address them in similar fashion.

Defendants respond that they have agreed to supplement their discovery responses to include production of non-privileged records and notes concerning Plaintiff's interest in going to work for both RLI Corp. and John Doe Corp, all communications between Defendants and Plaintiff concerning Plaintiff's interest in going to work for both RLI Corp. and John Doe Corp., and all non-privileged records, notes, communications that Defendants had with RLI Corp. about Plaintiff, communications between Defendants and RLI Corp. wherein Defendants submitted resumes or applications for other individuals that sought employment with RLI Corp.

in the same capacity sought by Nieman (with redactions as to the identity of any such candidates), and redacted records evidencing Defendants' submission of an employment candidate for John Doe Corp.'s consideration.

Defendants do not agree to produce: (1) communications between Defendants and RLI Corp. that post-date Plaintiff's institution of legal proceedings against RLI Corp; (2) communications between Defendants and their attorneys in either the Illinois Action or this action; or (3) the identity of John Doe Corp. Defendants also stand by their objections regarding Interrogatory No. 23, on the grounds that the Interrogatory is not relevant to any claim or defense and is meant for the purpose of harassment.

Plaintiff asserts the documents at issue must be produced because they are relevant and (1) the interactions and statements of Hale are directly relevant to his retaliatory animus as to improperly and illegally disqualifying Plaintiff as to John Doe Corp.; (2) privilege was waived by intentional disclosure of the detailed billing records in the Illinois Action; (3) subject to disclosure based on the crime-fraud exception; and (4) subject to disclosure pursuant to the *Faragher/Ellerth* doctrine. Plaintiff also asserts that Defendants' Motion for Protective Order is untimely.

First, to the extent that Defendants claim that the joint-defense or common-interest doctrine applies to communications in connection with the Illinois Action, Defendants must log any withheld communications that post-date March 24, 2011 (the date that Defendants have put forth as the date when the common interest or joint defendant commenced) between Defendants' counsel and RLI Corp. (or RLI Corp.'s counsel) and provide an adequate showing of the privilege's or protection's applicability

through the joint-defense or common-interest doctrine under the governing law laid out above. The fact that Defendants and RLI Corp. were being sued by Plaintiff does not automatically make every communication between or among them privileged. Even with the parties' supplemental briefing, *see* Dkt. Nos. 61 & 62, the Court is not in a position to make any blanket ruling as to the joint-defense or common-interest issue – either to find that it does not apply or that it does to such an extent – as Defendants request – that Defendants need not log any documents that they are withholding from production. Accordingly, Plaintiff's Motion to Compel is DENIED without prejudice to his renewing his challenges to any withheld documents based on Defendants' privilege logs.

Next, to the extent that Plaintiff seeks communications between Defendants and their counsel in either the Illinois Action or this lawsuit on the basis that Defendants have waived any privilege, Plaintiff's Motion to Compel is DENIED without prejudice. The Defendants' billing records, on which Plaintiff bases his waiver argument, are already the subject of a protective order in the Illinois Action, which limits their use to the Illinois Action and states that disclosure of the billing records "shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection." *See* Dkt. No. 52-1. The undersigned sees no reason to disturb the Protective Order entered months ago by the Central District of Illinois. The undersigned acknowledges that the Seventh Circuit denied Defendants' motion to seal the billing records, *see* 1:12-cv-1012 [Dkt. No. 134-6] (C.D. Ill., filed 10/28/13); however, the Seventh Circuit's denial to seal does not, on its own, dictate that Defendants have

waived the privilege with respect to any attorney-client communications.

In addition, Plaintiff has failed to provide sufficient evidence to establish the crime-fraud exception. Plaintiff's allegations do not amount to a prima facie showing of fraud or contemplated fraud as required by the governing federal common law. Neither will the Court, at this point, engage in an *in camera* examination to determine the applicability of the crime-fraud exception, because Plaintiff has not made a sufficient showing of a factual basis adequate to support a good faith belief by a reasonable person that the crime-fraud exception applies. *See Grand Jury Subpoena*, 419 F.3d at 335-36.

And, although Defendants moved for a protective order after their time to respond had passed, Defendants put Plaintiff on notice of their intention to withhold privilege documents in their Objections and Responses to Plaintiff's First Request for Production of Documents and Materials. *See* Dkt. No. 51-4. As such, the undersigned determines that Defendants preserved their right to assert privilege. *See* WRIGHT & MILLER, 8 FEDERAL PRACTICE AND PROCEDURE § 2035 ("A party may not remain completely silent when it regards discovery as improper. If it desires not to ... respond, it must object properly or seek a protective order....").

Plaintiff also argues that, "pursuant to the *Faragher/Ellerth* doctrine, a[n] employer who seeks to argue that their internal investigation was proper and sufficient (using it as an affirmative defense) waives any privilege as to the contents of that investigation." Dkt. No. 51 at 25. The only categories of documents that could be affected by application of this doctrine are RLI Corp. documents related to that

company's internal investigation in the Illinois Action that Defendants have in their possession, custody, or control. Although, in the JSR, Defendants fail to address Plaintiff's argument regarding the *Faragher/Ellerth* doctrine, during oral argument, Defendants confirmed that they have no such documents in their possession, custody, or control. Accordingly, Plaintiff's Motion to Compel is also DENIED without prejudice on this ground.

Finally, Plaintiff's Motion to Compel is GRANTED with respect to the identify of John Doe Corporation. Defendants have asserted that Plaintiff seeks the identify of Joe Doe Corporation for the purpose of harassment, embarrassment, annoyance, and/or undue burden or expense. Defendants also assert that John Doe Corp. is not a proper defendant in this action because Defendants did not act as an agent for John Doe Corp. Plaintiff asserts that John Doe Corp. is a proper defendant or at least a proper party from which to seek discovery. The undersigned notes that a motion to compel is not the proper vehicle for determining whether John Doe Corp. is a proper defendant in this action, and this ruling should not be construed as making such a determination. Rather, under the "broad and liberal treatment" afforded the discovery rules, the identify of the corporation from whom Plaintiff sought employment is relevant as it appears reasonably calculated to lead to the discovery of admissible evidence. Defendants have not met their burden in demonstrating that this information should be protected in spite of its apparent relevance.

All relief sought by the Motion to Compel with regard to RFP Nos. 1, 2, and 17 and Interrogatory Nos. 3, 16, and 23 not specifically granted is DENIED.

RFP No. 3

Plaintiff requests "comparator information" but has no objection to Defendants redacting the identify of any candidates. Defendants state that they have already agreed to produce redacted "comparator information" and that they believe this dispute has been resolved. Because it appears from the JSR and the parties' representations at oral argument that the parties have resolved this dispute, Plaintiff's Motion to Compel is DENIED as moot with regard to RFP No. 3.

RFP No. 4

Defendants state that they will produce whatever materials or information that "was provided to him that speaks to the qualifications sought by either RLI Corp. or John Doe Corp" and that they believe this dispute has been resolved. Because it appears from the JSR that the parties have resolved this dispute, Plaintiff's Motion to Compel is DENIED as moot with regard to RFP No. 4.

RFP No. 5

Defendants state that they will stand on their objections that "the request is vague and confusing and, as a consequence, is not a narrowly-tailored discovery request capable of being interpreted to require production of a specific item, thing, or category of items or things." Dkt. No. 51 at 28.

The undersigned disagrees that RFP No. 5 is incapable of interpretation and so overrules the "vague and confusing" objection, which is Defendants' only stated objection. Plaintiff's Motion to Compel with respect to RFP No. 5 is GRANTED, and Defendants are ordered to produce all documents responsive to RFP No. 5.

Interrogatory No. 2

Defendants stand by their objections that Interrogatory No. 2 is "overly broad and unduly burdensome because it requires Defendants to create and provide a lengthy narrative or otherwise detailed account, witness by witness, of their entire case." Dkt. No. 51-3 at 2. Defendants also object to the extent that Interrogatory No. 2 calls for privileged communications. Nevertheless, Defendants do provide a response to Interrogatory No. 2, subject to their objections.

The undersigned agrees with Defendants that Interrogatory No. 2 is overly broad and unduly burdensome and determines that Defendants' response is sufficient. The undersigned also sustains Defendants' objections to the extent that they claim protection under the attorney-client privilege. Plaintiff's Motion to Compel is therefore DENIED with respect to Interrogatory No. 2.

RFP No. 6

Plaintiff demands that Defendant Hale swear, under penalty of perjury, that he has never had any conversations or communications with John Doe Corp. or any of its employees or agents. *See* Dkt. No. 51 at 29. Defendants agree to provide such sworn proof that he "never, ever communicated with John Doe Corp. about Nieman." *Id.* Because it appears from the JSR that the parties have resolved this dispute, Plaintiff's Motion to Compel is DENIED as moot with regard to RFP No. 6.

RFP No. 7

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups this RFP with other interrogatories; therefore, it is difficult to determine exactly what

Plaintiff is seeking and pursuant to what basis. Nevertheless, Defendants' only objections to RFP No. 7 appear to be that it is duplicative of other requests and is vague. The undersigned disagrees that RFP No. 5 is incapable of interpretation and so overrules the vagueness objection. And an objection that a request is duplicative provides no basis, without more, not to respond – particularly where Defendants must can simply reference the corresponding response to the allegedly duplicative request to answer this request. Therefore, to the extent that Defendants have in their possession, custody, or control any documents responsive to RFP No. 7 that they have not yet produced, they must produce such documents.

Interrogatory No. 12

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups this interrogatory with other requests; therefore, it is difficult to determine exactly what Plaintiff is seeking and pursuant to what basis. Nevertheless, Defendants have agreed to supplement or amend their interrogatory answer to include additional information that Plaintiff seeks. Defendants further state that they believe the parties have resolved any dispute regarding Interrogatory No. 12 by agreement. Because it appears from the JSR that the parties have resolved this dispute, Plaintiff's Motion to Compel is DENIED as moot with regard to Interrogatory No. 12.

RFP Nos. 12 & 14

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups these two RFPs together; therefore, it is difficult to determine exactly what Plaintiff is seeking for each RFP and pursuant to what basis. Defendants respond that, to their

knowledge, Plaintiff "never applied for a position of employment *with Hale*." Although inartfully worded, it appears that Plaintiff seeks all of his employment applications that he provided to Hale for the position with the John Doe Corp. as well as employment applications that others provided to Hale for the position with John Doe Corp. To the extent that Defendants have in their possession, custody, or control any responsive documents to RFP No. 12 that they have not already produced in connection with another request, Defendants are ordered to produce such documents, with redactions of personal identifying information where appropriate for any comparator information.

Likewise, to the extent Defendants have in their possession, custody, or control any responsive documents to RFP No. 14 that they have not already produced in connection with another request, Defendants are ordered to produce such documents, with redactions where appropriate for any comparator information.

RFP Nos. 16 & 18

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups these two RFPs together; therefore, it is difficult to determine exactly what Plaintiff is seeking for each RFP and pursuant to what basis. Defendants respond that RFP Nos. 16 and 18 are duplicative of other requests and vague. Defendants also assert that they have offered to produce information that may resolve the dispute – although Defendants do not specify the information to which they refer – and state that they believe the dispute regarding RFP Nos. 16 and 18 has been resolved. It is unclear to the undersigned what information Defendants have offered and why they believe the

dispute regarding these RFPs has been resolved. Therefore, to the extent Defendants have in their possession, custody, or control any responsive documents to RFP Nos. 16 and 18 that they have not already produced in connection with another request, Defendants are ordered to produce such documents.

RFP No. 19

Defendants respond that they "will produce any communications in his possession that he received (whether directly or indirectly) from the government or regulatory entities identified by Nieman." Dkt. No. 51 at 35. Defendants further state they believe the parties have resolved their dispute concerning RFP No. 19. The undersigned notes that Defendants do not urge or renew any objections to RFP No. 19 and that the category of documents that they agree to produce is narrower that what Plaintiff has requested. Because Defendants make no objections in the JSR to RFP No. 19, Defendants are ordered to produce all documents responsive to RFP No. 19, although, as Plaintiff himself acknowledged during oral arguments, in response to this or any other request, Defendants need not produce any documents that they received from Plaintiff.

RFP Nos. 21 & 24

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups these two RFPs together; therefore, it is difficult to determine exactly what Plaintiff is seeking for each RFP and pursuant to what basis. Plaintiff specifically demands privileged information and repeats his waiver arguments previously discussed herein in connection with RFP Nos. 1, 2, and 17 and Interrogatory Nos. 3, 16, and 23. Plaintiff

does not articulate what documents he is seeking; rather, Plaintiff appears to argue that he is entitled to <u>all</u> of Defendants' privileged communications in both the Illinois Action and this action. In addition to the waiver arguments that Plaintiff made previously, Plaintiff also notes that Defendants did not object to these RFPs on the basis of privilege in their objections and responses. *See* Dkt. No. 51-4 at 10, 11. Defendants stand by their prior objections to these RFPs, which include assertions that these RFPs are duplicative of RFP No. 1, vague, and equally available to Plaintiff. Defendants also assert attorney-client privilege for the first time in the JSR.

The undersigned determines that Defendants' failure to assert privilege in their responses and objections is excused; Plaintiff should have been on notice of Defendants' assertion of privilege based on Defendants' objection that RFP Nos. 21 and 24 were duplicative of RFP No. 1, for which Defendants asserted privilege. In any case, RFP Nos. 21 and 24 are duplicative of RFP No. 1, and Plaintiff's Motion to Compel with respect to these requests is therefore DENIED in part on that basis. But Defendants should produce, if any, non-privileged documents responsive to RFP Nos. 21 and 24 that have not been produced in connection with another request, although Defendants need not produce any documents that they received from Plaintiff. Any responsive privileged documents are governed by the undersigned's ruling on privilege outlined above.

<u>RFP No. 26 and Interrogatory No. 20</u>

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups this RFP and Interrogatory together; therefore, it is difficult to determine exactly what

Plaintiff is seeking for each requests and pursuant to what basis. Defendants state that they have produced "the records in his possession that would reflect reference checks made by him in connection with Nieman's desire to work with RLI Corp. Hale is not in possession of any other documents that would seem to be responsive to this request. If Nieman is seeking some other sort of information, Defendants contend that Nieman's briefing herein is insufficient and that his objections make clear that the discovery requests are no clear. *See* Dkt. No. 51 at 43.

The undersigned disagrees that RFP No. 26 and Interrogatory No. 20 are unclear, particularly in light of Plaintiff's lengthy description of his requests in the JSR. *See id.* at 42-43. Therefore, to the extent that Defendants have documents and/or information responsive to RFP No. 26 and/or Interrogatory No. 20 that they have not produced, Defendants are ordered to produce such responsive documents and/or information.

RFP No. 27

Defendants respond that RFP No. 27 is duplicative of other requests, including RFP No. 1, and reiterates their objections as to privilege. Plaintiff re-urges his waiver arguments and notes that Defendants failed to assert privilege as to RFP No. 27 in their responses and objections.

The undersigned agrees that RFP No. 27 appears to be duplicative of other requests; however, Defendants should produce, if any, non-privileged documents responsive to RFP No. 27 that have not been produced in connection with another request. Any responsive privileged documents are governed by the undersigned's ruling

on privilege outlined above.

Interrogatory Nos. 13 & 14

Defendants re-urge their objections that these interrogatories are harassing and irrelevant. Defendants also "note[] that the only other litigation to which he has been a party are those cases (including regulatory matters) filed by Nieman." Dkt. No. 51 at 46. Defendants' objections are overruled. Defendants are ordered to fully respond to Interrogatory Nos. 13 and 14; however, to the extent that the only responsive information relates to proceedings instituted by Plaintiff, Defendants may stand on their current responses.

RFP Nos. 34 & 35 and Interrogatory No. 22

Contrary to the undersigned's prior order requiring the JSR, Plaintiff groups this RFP and Interrogatory together; therefore, it is difficult to determine exactly what Plaintiff is seeking for each requests and pursuant to what basis. Defendants re-urge their objections but offer to provide sworn proof of the amounts paid "to all of his legal counsel in the various lawsuits filed by Nieman." Dkt. No. 51 at 48. The undersigned agrees with Defendants' objection that the various requests at issue are not relevant. Plaintiff's argument in the JSR focuses entirely on issues related to the Illinois Action. Plaintiff has not demonstrated how Defendants' costs incurred in the Illinois Action are relevant to the instant case. Accordingly, Plaintiff's Motion to Compel as to RFP No. 34 and Interrogatory No. 22 are DENIED. To the extent that Defendants are seeking damages associated with the costs of this lawsuit, Defendants' offer to provide sworn proof of the amounts paid in this action, in addition to their promise to supplement

their response in their responses and objections, *see* Dkt. No. 51-4 at 15, is sufficient at this time.

Interrogatory No. 5

Plaintiff claims that he is entitled to have Defendants back up their affirmative defenses with "at least some facts," given that Defendants "have failed to even provide a legitimate non-discriminatory, non-retaliatory reason for permanently blacklisting Plaintiff." Dkt. No. 51 at 49. Defendants stand on their objection that Interrogatory No. 5 is the type of "blockbuster" interrogatory rejected by *Grynberg v. Total S.A., Inc.*, No. 3-cv-1280, 2006 WL 1186836, at *5-*7 (D. Colo. May 3, 2006). The undersigned agrees with the reasoning in *Grynberg. Grynberg* states:

> Whatever may be said for the virtues of discovery and the liberality of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case.... Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action. To require answers to them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.

*Grynberg*, 2006 WL 1186836, at *6. And, as other authorities have advised, "a party cannot ordinarily be forced to prepare its opponent's case." 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013). Accordingly, Plaintiff's Motion to Compel with respect to Interrogatory No. 5 is DENIED.

Interrogatory No. 9

Defendants re-urge their objections that Interrogatory No. 9 is "overly broad, vague, and confusing." Dkt. No. 51-3 at 6. Defendants also argue that Interrogatory No.

9 is a "blockbuster" interrogatory requiring Defendants to "provide a narrative account of his case." The undersigned disagrees with Defendants that Interrogatory No. 9 requires a narrative account of their case. Interrogatory No. 9 is clearly relevant, and Plaintiff is entitled to know about documents that would have been produced had they not been destroyed. Defendants are not required to make an extensive investigation in responding to this interrogatory; however, Defendants "should provide relevant facts reasonably available to [them]." 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013). To the extent described herein, Plaintiff's Motion to Compel with respect to Interrogatory No. 9 is GRANTED in part and otherwise DENIED.

<u>Interrogatory No. 18</u>

Defendants re-urge their objections, which include that the interrogatory "is harassing and does not seek relevant evidence," is duplicative of other interrogatories, and is a "blockbuster" interrogatory. Defendants also provide a partial answer to the interrogatory, stating that "the only individuals to participate on Defendants' behalf in Plaintiff's various other litigation or regulatory matters is Keith Hale." Dkt. No. 51-3 at 10. The undersigned determines that Defendants should also provide an answer as to "all individuals who were notified of, or provided any information about, the Plaintiff's internal or external allegations, complaints, concerns [sic] charges" and how such communications were made. Defendants' objections are otherwise sustained as to Interrogatory No. 18. As such, Plaintiff's Motion to Compel with respect to Interrogatory No. 18 is GRANTED in part and DENIED in part.

**Conclusion**

As specifically described above, Plaintiffs' Motion to Compel [Dkt. No 44] is GRANTED in part and DENIED in part.

For the reasons explained above, Defendants' Motion for Protective Order [Dkt. No. 52] is GRANTED in part and DENIED in part to the same extent as the overlapping issues have been resolved in connection with Plaintiff's Motion to Compel.

Defendants must produce all additional documents or information and any privilege log required by this order by **January 23, 2014**.

In recognition of the deadlines set herein and the impending discovery-related deadlines, the Court hereby *sua sponte* extends the following deadlines set forth in its Initial Scheduling Order [Dkt. No. 34]:

· All dispositive motions must be filed by **March 31, 2014**.

· All discovery must be initiated in time to be completed by **February 26, 2014**.

· Any motion to compel discovery or for a protective order must be filed by **February 5, 2014**.

· Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information must be filed by **February 26, 2014**.

· A party must file a motion not otherwise covered by the Court's Initial Scheduling Order [Dkt. No. 34] by no later than **March 31, 2014**.

Other than insofar as a deadline has been extended herein, the deadlines, parameters,

limitations, and requirements set forth in the Court's Initial Scheduling Order [Dkt. No. 34] remain in effect.

      SO ORDERED.

      DATED: December 26, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE