IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2433-L-BN |
| | § | |
| KEITH HALE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER ON MOTION FOR DISCOVERY
SANCTIONS AGAINST DEFENDANTS KEITH HALE
AND INSURANCE SEARCH GROUP**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. Plaintiff Jason Nieman has filed a Motion for Discovery Sanctions against Defendants Keith Hale and Insurance Search Group. *See* Dkt. No. 86 (the "Motion for Sanctions"). Defendants filed a Response [Dkt. No. 108], and Plaintiff filed a Reply [Dkt. No. 109]. The Court now denies the Motion for Sanctions.

**Background**

Plaintiff filed a motion to compel on October 15, 2013. *See* Motion to Compel Discovery Responses of Defendants Keith Hale and ISG (the "Motion to Compel") [Dkt. No. 44]. After briefing from the parties, including a joint status report that the Court required the parties to file, the Court entered an order on December 26, 2013 granting in part and denying in part the Motion to Compel (the "12/26/13 Order"). *See* Dkt. No. 65. Specifically, the Court ordered Defendants to:

-1-

- log any withheld communications that post-date March 24, 2011 (the date that Defendants have put forth as the date when the common interest or joint defense commenced) between Defendants' counsel and RLI Corp. (or RLI Corp.'s counsel) and provide an adequate showing of the privilege's or protection's applicability;
- disclose the identity of John Doe Corporation;
- produce all non-privileged documents responsive to Request for Production ("RFP") Nos. 5, 7, 12 (with appropriate redactions), 14 (with appropriate redactions), 16, 18, 19, 21, 24, 26, and 27; and
- provide certain information responsive to Interrogatory Nos. 9, 18 and 20.

In his Motion for Sanctions, Plaintiff expressed dissatisfaction with Defendants' supplementation of certain RFPs and interrogatories as required by the 12/26/13 Order. *See* Dkt. No. 86 at 4-5. In particular, Plaintiff took issue with the number of entries on Defendants' privilege log. *See id.* In his Reply, Plaintiff appears to seek sanctions based on Hale's conduct at his deposition but also states that he "will plan to file a supplemental motion for sanctions." Dkt. No. 109 at 6. In any case, Plaintiff's allegations regarding Hale's conduct in his deposition are new arguments and should not be raised for the first time in a reply. The Court will not consider Plaintiff's arguments regarding Hale's deposition or any new arguments raised by Plaintiff in his Reply. *See Digital Generation, Inc. v. Boring*, 869 F.Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments or evidence raised in reply brief).

The Court held a telephonic conference with Plaintiff and Defendant Hale on the Motion for Sanctions on April 2, 2014. *See* Dkt. No. 112. At the telephonic hearing, the Court required Defendants to deliver to the Court copies of the "Letter Agreement" and "Waiver of Conflicts" for *in camera* review and to file a status report with the Court regarding Defendants' compliance with the 12/26/13 Order requiring (1) that, "to the extent that Defendants claim that the joint-defense or common-interest doctrine applies to communications in connection with the Illinois Action, Defendants must log any withheld communications that post-date March 24, 2011 (the date that Defendants have put forth as the date when the common interest or joint defendant commenced) between Defendants' counsel and RLI Corp. (or RLI Corp.'s counsel) and provide an adequate showing of the privilege's or protection's applicability through the joint-defense or common-interest doctrine under the governing law laid out above" and (2) that "Defendants are ordered to produce all documents responsive to RFP No. 5." Order on Plaintiff's Motion for Discovery Sanctions Against Defendants, dated April 2, 2014 (the "4/2/14 Order") [Dkt. No. 115]. The Court also ordered Defendants to serve on Plaintiff supplemental responses to Plaintiff's Interrogatory Nos. 18 and 20. *See id.*

Defendants timely delivered to the Court the documents required for *in camera* review and filed the status report. *See* Dkt. Nos. 116 & 117.

On April 9, 2014, the Court ordered Defendants to produce the "Letter Agreement" but permitted Defendants to withhold the "Waiver of Conflicts" as privileged. *See* Dkt. No. 116. Defendants' status report reflects that they have complied with the Court's order. *See* Dkt. No. 117.

Shortly after Defendants filed the status report, Plaintiff filed a Response [Dkt. No. 118] asserting that Defendants have not complied with the 4/2/2014 Order based on deficiencies in Defendants' privilege log. As proof that Defendants have not logged all responsive communications, Plaintiff attaches a letter from J. Reed Roesler ("Roesler"), Defendants' former attorney in a suit between Plaintiff and Defendants, among others, in the Central District of Illinois, in which Roesler informed Hale that, due to "the crash of [his] firm's server," Roesler could not provide Hale with a log of responsive privileged communications between March 24, 2011 and January 18, 2013 (the "Roesler Letter"). Dkt. No. 118-1. Plaintiff argues that he "does not believe that over fifteen months of the firm's email communications have been permanently lost or destroyed such that Defendant ... is unable to respond." Dkt. No. 118 at 4.

On April 18, 2014, Defendants filed a Supplement to Discovery Responses to Order Dkt. Nos. 65 and 115. *See* Dkt. No. 119. Defendants informed the Court that they received a supplement from Roesler to the privilege log and that they located one additional record responsive to RFP No. 18. Defendants state that both the supplemental privilege log and the additional record were sent to Plaintiff. *See id.* at 1.

Plaintiff seeks sanctions under Federal Rule of Civil Procedure 37 and the Court's inherent authority. Specifically, Plaintiff "asks that this Court deem Hale/ISG to have waived and forfeited any alleged or actual attorney-client, joint-defense, and/or attorney work product privilege due to defiance of court order and/or untimely and inadequate privilege log" and "leaves other sanctions to be assessed against Hale to the

sound judgment of the Court" but states that "the Court also has the ability to stay further proceedings in this action until Hale/ISG complies with the Court's orders." Dkt. No. 109 at 10; *see also* Dkt. No. 86-1 (proposed order); Dkt. No. 118 at 5 ("For these good reasons, and for other good reasons that the Court may identify on its own review, the Plaintiff respectfully requests that the Court issue an appropriate order in his favor, assessing measured discovery sanctions against Defendants Hale/ISG for their willful disobedience of this Court's prior discovery orders and/or their discovery obligations.").

## Legal Standards

In order to exercise its inherent powers, the Court must find that the guilty party engaged in conduct in bad faith that resulted in prejudice to the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). In *Chambers*, the United States Supreme Court held that, in certain circumstances, federal courts have inherent powers to sanction. *See id.* at 44-45. These inherent powers "ought to be exercised with great caution," *id.* at 43 (internal quotation marks omitted), and are reserved for "conduct which abuses the judicial process," *id.* at 44-45. "The threshold for the use of the inherent power sanction is high." *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996). A court's inherent powers to sanction "may be exercised only if essential to preserve the authority of the court," *id.*, and only when the court "finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled,'" *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir.1995) (quoting *Chambers*, 501 U.S. at 46). "Because of their very potency,

inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Spoliation of evidence is among the range of conduct for which a court may assess sanctions using its inherent powers. *See Hodge v. Wal-Mart Stores*, Inc., 360 F.3d 446, 449 (4th Cir. 2004) ("The imposition of a sanction ... for spoliation of evidence is an inherent power of federal courts."); *accord Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, 905 (5th Cir. 2010). "Spoliation is the destruction or material alteration of evidence or ... the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 799 (N.D. Tex. 2011) (internal quotation marks omitted).

"The party seeking the spoliation sanction bears the burden of proof." *Id.* at 800. The elements of spoliation in the Fifth Circuit are: (1) a duty to preserve the information; (2) a culpable breach of that duty; and (3) resulting prejudice to the innocent party. *See id.*; *see also Rimkus Consulting Group v. Cammarata*, 688 F. Supp. 2d 598, 612-16 (S.D. Tex. 2010) (to obtain sanctions for spoliation of evidence, a party must establish "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.").

Turning to the first element, "[a] duty to preserve arises when a party knows or

should know that certain evidence is relevant to pending or future litigation." *Ashton*, 772 F.Supp. 2d at 800.

As for culpability, although the level of culpability required for spoliation is not yet settled within the Fifth Circuit, a showing of bad faith or wilful abuse of the judicial process is required for the Court to exercise its inherent powers. *See id.* In addition, in the Fifth Circuit, "the circumstances of the act [of spoliation] must manifest bad faith" before severe sanctions are available. *Vick v. Texas Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975). Bad faith has been defined "as conduct involving 'fraudulent intent and a desire to suppress the truth.'" *Ashton*, 772 F. Supp. 2d at 800-01 (quoting *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006)).

The prejudice element requires that the spoliated evidence be relevant to the lawsuit and that the spoliated evidence it would have supported the inference sought by the moving party. *See Rimkus*, 688 F. Supp. 2d at 616.

Rule 37 (b)(2)(A) provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders," including, among other sanctions, directing that matters embraced in the order or other designated facts be taken as true, prohibiting the disobedient party from introducing designated matters in evidence, and/or staying further proceedings until the order is obeyed. *See* FED. R. CIV. P. 37(b)(2)(A)(I)-(vi). Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the party's control. *See Dorsey v. Acad. Moving*

*& Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970).

Rule 37(e), a so-called "safe harbor," provides that "[a]bsent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system." FED. R. CIV. P. 37(e); *see Kermode v. Univ. of Miss. Med. Ctr*, No. 3:09-cv-584, 2011 WL 2619096 (S.D. Miss. Jul. 1, 2011) (finding that sanctions under Rule 37 were unavailable where emails were deleted before a reason existed to preserve them).

**Analysis**

Plaintiff has failed to meet the high burden of proof required to justify sanctions under the applicable law. Plaintiff's briefing is entirely devoid of evidence, either director or circumstantial, that would establish the bad faith required for the Court to exercise its inherent powers or that would provide the Court with a basis to assess sanctions under Rule 37(b), including Plaintiff's request for the Court to deem Defendants to have waived and forfeited any alleged or actual attorney-client, joint-defense, or attorney work product privilege. *See Ashton*, 772 F. Supp. 2d at 800-01. Regarding Defendants' supplementation to his RFP and interrogatory responses, Plaintiff notes that the interrogatory supplements "contain only two tangible bits of information" and that the RFP supplements contain only three documents. *See* Dkt. No. 86 at 4-5. Defendants respond that "production materials are few because they are few." Dkt. No. 108 at 3. Nothing in Plaintiff's briefing, nor anything attached to it, provides the Court with a basis to disbelieve Defendants' statement and impose

-8-

sanctions.

As to Defendants' privilege log, Plaintiff has established that entries are missing. But the Roesler Letter, which Plaintiff uses as proof of the missing entries, explains that the missing entries are a result of "the crash of my firm's server." Dkt. No. 118-1. Plaintiff suggests that, because Roesler's "firm is noted to have approximately 13 attorneys, plus other staff," Plaintiff "simply does not believe that over fifteen months of the firm's email communications have been permanently lost or destroyed." Dkt. No. 118 at 4. But Plaintiff's submission of the Roesler Letter provides the Court with a good faith explanation as to the missing entries on the privilege log. Plaintiff's doubts as to the truth of Roesler's firm's server crash fail to establish bad faith. The fact that the Roesler Letter is not admissible is inconsequential; Plaintiff put the letter into the record for the Court's consideration and relies on the letter as proof of his argument for sanctions. And, even absent consideration of the Roesler Letter, Plaintiff fails to meet his burden to show that Defendants acted with bad faith. Because Plaintiff cannot establish that any of Defendants' conduct with regard to discovery is the result of bad faith, the Court cannot exercise its inherent powers. And the Court finds no basis to assess sanctions under Rule 37(b), including Plaintiff's request for the Court to deem Defendants to have waived and forfeited any alleged or actual attorney-client, joint-defense, or attorney work product privilege.

In addition, Rule 37(e) protects Defendants from sanctions based on the record before the Court. Plaintiff has shown nothing more than that the electronically stored information sought was "lost as a result of the routine, good faith operation of an

electronic information system." FED. R. CIV. P. 37(e).

## Conclusion

Plaintiff's Motion for Discovery Sanctions Against Defendants Keith Hale and Insurance Search Group [Dkt. No. 86] is DENIED.

SO ORDERED.

DATED: April 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE