IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON LEE NIEMAN,                     §
                                      §
             Plaintiff,               §
                                      §
V.                                    §          No. 3:12-cv-2433-L-BN
                                      §
KEITH HALE, ET AL.,                   §
                                      §
             Defendants.              §

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendants Keith Hale and Insurance Search Group (together, "Hale") filed a Motion for Protective Order and For Suspension of Deposition requesting that the Court forbid Plaintiff Jason Lee Nieman ("Nieman") from making inquiry into "certain matters" and warn Nieman that he must abide by the Federal Rules of Civil Procedure and refrain from acting in an "unreasonable manner meant to annoy, harass, intimidate and oppress Hale." Dkt. No. 111 at 1 & 3. Nieman has filed a Motion for Enlargement of Time as to Discovery and Modification of Case Scheduling Order. Dkt. No. 129. This case has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 19.

For the reasons explained below, Hale's Motion for Protective Order [Dkt. No. 111] is DENIED, and Nieman's Motion for Enlargement of Time [Dkt. No. 129] is GRANTED.

-1-

## Background

The background and procedural history of this case are well known to the parties and to the undersigned and need not be discussed in this order.

On March 24, 2014, Nieman took a partial deposition of Hale. Hale contends that many of the questions posed "were objectionable on the grounds of privacy, attorney-client privilege and form. Many were argumentative and harassing." Dkt. 111 at 1. Hale objects to questions based on allegedly incomplete email strings, to questions requesting speculative answers and opinions on legal matters, to questions that were compound, and to objections asserted by Nieman that Hale's deposition answers were non-responsive. *See id.* at 2. Hale provides a list of 111 proposed question that constitute "examples of objectionable questions" in the deposition for which he asserts an objection, *see* Dkt. No. 111-1, and therefore requests that the Court issue a protective order requiring Nieman to comply with the Federal Rules of Civil Procedure.

Nieman disagrees and seeks additional time for discovery and modification of the Court's case scheduling order so that he may properly depose Hale. *See* Dkt. Nos. 128 & 129.

## Legal Standards

Under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished

from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.,* 227 F.R.D. 475, 477 (N.D. Tex. 2005).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## Analysis

The Court determines that Hale has failed to establish through a "particular and specific demonstration of fact" that the proposed deposition questions, and those posed by Nieman at the March 24, 2014 deposition, necessitate an order protecting Hale from "annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(c). Nieman is permitted under the Federal Rules to seek, through discovery, relevant information that is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Hale simply lists, without explanation, 111 proposed questions that he believes to be objectionable based on a privacy interest, attorney-client privilege, on speculation or because the question calls for a legal conclusion, is argumentative, mischaracterizes the evidence, is "harassing," subjects him to "oppression," or is repetitive. *See* Dkt. No. 111-1. These objections were the basis for Hale's refusal to answer a number of

questions during the March 24 deposition and his refusal to continue with the deposition after approximately 70 minutes had passed. *See* Dkt. No. 122-4 at 7 through 122-5 at 31.

But the fact that Hale believes many of Nieman's questions to be objectionable does not permit him to refuse to answer them, walk out of the deposition, or obtain the broad and non-specific protective order he seeks. Instead, Federal Rule of Civil Procedure 30(c)(2) provides:

> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, <u>but the examination still proceeds</u>; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

FED. R. CIV. P. 30(c)(2) (emphasis added). To be clear, Rule 30 provides only three situations in which a deponent may refuse to respond to a deposition question. Namely, a deponent may refrain from answering (1) to preserve a privilege, (2) to enforce a limitation previously ordered by the Court, or (3) to present a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

The only objection that Hale asserted that arguably permits his refusal to answer the deposition questions posed is that certain information sought by Nieman may be covered by the attorney-client privilege. *See* Dkt. No. 111-1 at 2. Hale has not

cited any questions actually posed during the March 24, 2014 deposition that are covered by the attorney-client privilege, and it is not the Court's obligation to search the record and assert privilege on Hale's behalf.

At his deposition, Hale may assert privilege regarding – and is not required to answer – questions that request information covered by the attorney-client privilege. The attorney-client privilege prevents disclosure of communications between an attorney and client that were made while seeking or rendering legal services. *See Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "[T]he attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions." *Stoffels v. SBC Communications, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 474 (N.D. Tex. 2004)). Only communications made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding" are privileged. *United States v. Harrelson,* 754 F.2d 1153, 1167 (5th Cir. 1985) (internal citations omitted).

The burden is on the party asserting the privilege to demonstrate how the information satisfies all the elements of the privilege. *See Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir. 1985). Additionally, the party asserting the attorney-client privilege must prove that waiver by breach of confidentiality did not occur. *See id.* It is well settled that disclosure of attorney-client communications to a

third party lacking a common legal interest will result in a waiver of the privilege. *See In re Auclair,* 961 F.2d 65, 69 (5th Cir. 1992).

On the record before the Court, Hale has not established that he is entitled to a protective order to protect him from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The Court's review of the deposition transcript suggests that Hale himself unnecessarily asserted objections to numerous questions, refused to answer questions due to objections that did not assert privilege, and failed to comply with his discovery obligations. Hale is not eligible for a protective order simply based on his belief that Nieman is a vexatious litigant with a frivolous case. Good cause does not exist to prohibit the gathering of relevant discovery through Hale's deposition in this matter.

The Court finds that Hale has failed to show good cause and a specific need for protection or that justice requires his protection from any annoyance, embarrassment, oppression, or undue burden or expense represented by the deposition.

To assist the parties in the prompt and efficient conclusion of the deposition of Hale, the Court will permit the deposition to take place in the Court's courtroom or conference room, on the 15th Floor of the Earle Cabell Federal Building in Dallas, Texas, on or before September 15, 2014. Therefore, the parties shall, by **August 15, 2014,** confer by telephone and find four dates on or before September 15, 2014 on which both parties are able to appear at such a deposition and then prepare and file a joint status report providing those dates for the Court's review. The Court will then schedule

the deposition and will be available to settle any disputes regarding privilege that arise during the deposition.

Because Hale did not fully participate in the March 24, 2014 and due to the Court's stay of discovery during its *sua sponte* consideration of summary judgment, an extension of the discovery deadlines is appropriate. Accordingly, Nieman's Motion for Enlargement of Time, which seeks a 60-day extension of the deadline set forth in the Court's July 7, 2014 Order, is GRANTED.

The Court ORDERS that the parties may now, by **September 26, 2014,** file any motion related to discovery in this case or any other motion not otherwise covered by the Court's Initial Scheduling Order [Dkt. No. 34]. The Court will reset the deadline for any dispositive motion in a future order.

### Conclusion

Hale's Motion for Protective Order [Dkt. No. 111] is DENIED, and Nieman's Motion for Enlargement of Time [Dkt. No. 129] is GRANTED.

SO ORDERED.

DATED: August 6, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE