IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2433-L-BN |
| | § | |
| KEITH HALE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING SUPPLEMENTAL
MOTION FOR DISCOVERY SANCTIONS AND ORDER TO SHOW CAUSE**

Plaintiff Jason Lee Nieman has filed a Supplemental Motion for Discovery
Sanctions in Regard to the Failed Deposition of Defendant Keith Hale, 3/24/2014. *See*
Dkt. No. 139. Defendants Keith Hale and Insurance Search Group have filed a
response, *see* Dkt. No. 141, and Plaintiff has filed a reply, *see* Dkt. No. 142. For the
reasons explained below, Plaintiff's Supplemental Motion for Discovery Sanctions in
Regard to the Failed Deposition of Defendant Keith Hale, 3/24/2014 [Dkt. No. 139] is
DENIED, but Defendant Keith Hale is ordered to show cause why he should not be
sanctioned under Federal Rule of Civil Procedure 30(d)(2).

**Background**

The background and procedural history of this case are well known to the
parties and to the undersigned and need not be discussed in detail in this order.

On March 24, 2014, Nieman took a partial deposition of Hale. Hale has
contended that many of the questions posed "were objectionable on the grounds of

privacy, attorney-client privilege and form. Many were argumentative and harassing."
Dkt. 111 at 1. Hale objected to questions based on allegedly incomplete email strings,
to questions requesting speculative answers and opinions on legal matters, to questions
that were compound, and to objections asserted by Nieman that Hale's deposition
answers were non-responsive. *See id.* at 2. In an April 2, 2014 Motion for Protective
Order and for Suspension of Deposition [Dkt. No. 111], Hale provided a list of 111
proposed question that constitute "examples of objectionable questions" in the
deposition for which he asserted an objection, *see* Dkt. No. 111-1, and requested that
the Court issue a protective order under Federal Rule of Civil Procedure 30(d)(3)(A)
requiring Nieman to comply with the Federal Rules of Civil Procedure, *see* Dkt. No.
111.

The Court denied that motion in an August 6, 2014 Memorandum Opinion and
Order. *See* Dkt. No. 134. The Court ruled as follows:

> Under Federal Rule of Civil Procedure 26(c), the Court may, for
> good cause, issue an order to protect a party or person from annoyance,
> embarrassment, oppression, or undue burden or expense. *See* FED. R. CIV.
> P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order]
> to show the necessity of its issuance, which contemplates a particular and
> specific demonstration of fact as distinguished from stereotyped and
> conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.
> 1998) (citation omitted). A party resisting discovery must show how the
> requested discovery was overly broad, burdensome, or oppressive by
> submitting affidavits or offering evidence revealing the nature of the
> burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex.
> 2005).
> ....
> The Court determines that Hale has failed to establish through a
> "particular and specific demonstration of fact" that the proposed
> deposition questions, and those posed by Nieman at the March 24, 2014
> deposition, necessitate an order protecting Hale from "annoyance,

embarrassment, oppression, or undue burden or expense" under Rule 26(c). Nieman is permitted under the Federal Rules to seek, through discovery, relevant information that is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Hale simply lists, without explanation, 111 proposed questions that he believes to be objectionable based on a privacy interest, attorney-client privilege, on speculation or because the question calls for a legal conclusion, is argumentative, mischaracterizes the evidence, is "harassing," subjects him to "oppression," or is repetitive. *See* Dkt. No. 111-1. These objections were the basis for Hale's refusal to answer a number of questions during the March 24 deposition and his refusal to continue with the deposition after approximately 70 minutes had passed. *See* Dkt. No. 122-4 at 7 through 122-5 at 31.

But the fact that Hale believes many of Nieman's questions to be objectionable does not permit him to refuse to answer them, walk out of the deposition, or obtain the broad and non-specific protective order he seeks. Instead, Federal Rule of Civil Procedure 30(c)(2) provides:

> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, <u>but the examination still proceeds</u>; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

FED. R. CIV. P. 30(c)(2) (emphasis added). To be clear, Rule 30 provides only three situations in which a deponent may refuse to respond to a deposition question. Namely, a deponent may refrain from answering (1) to preserve a privilege, (2) to enforce a limitation previously ordered by the Court, or (3) to present a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

The only objection that Hale asserted that arguably permits his refusal to answer the deposition questions posed is that certain information sought by Nieman may be covered by the attorney-client privilege. *See* Dkt. No. 111-1 at 2. Hale has not cited any questions actually posed during the March 24, 2014 deposition that are covered by the attorney-client privilege, and it is not the Court's obligation to search the record and assert privilege on Hale's behalf.

At his deposition, Hale may assert privilege regarding – and is not required to answer – questions that request information covered by the attorney-client privilege. The attorney-client privilege prevents disclosure of communications between an attorney and client that were made while seeking or rendering legal services. *See Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). "[T]he attorney-client privilege attaches only to communications made for the purpose of giving or obtaining legal advice or services, not business or technical advice or management decisions." *Stoffels v. SBC Communications, Inc.,* 263 F.R.D. 406, 411 (W.D. Tex. 2009) (citing *Navigant Consulting, Inc. v. Wilkinson,* 220 F.R.D. 467, 474 (N.D. Tex. 2004)). Only communications made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding" are privileged. *United States v. Harrelson,* 754 F.2d 1153, 1167 (5th Cir. 1985) (internal citations omitted).

The burden is on the party asserting the privilege to demonstrate how the information satisfies all the elements of the privilege. *See Hodges, Grant & Kaufmann v. United States,* 768 F.2d 719, 721 (5th Cir. 1985). Additionally, the party asserting the attorney-client privilege must prove that waiver by breach of confidentiality did not occur. *See id.* It is well settled that disclosure of attorney-client communications to a third party lacking a common legal interest will result in a waiver of the privilege. *See In re Auclair,* 961 F.2d 65, 69 (5th Cir. 1992).

On the record before the Court, Hale has not established that he is entitled to a protective order to protect him from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). The Court's review of the deposition transcript suggests that Hale himself unnecessarily asserted objections to numerous questions, refused to answer questions due to objections that did not assert privilege, and failed to comply with his discovery obligations. Hale is not eligible for a protective order simply based on his belief that Nieman is a vexatious litigant with a frivolous case. Good cause does not exist to prohibit the gathering of relevant discovery through Hale's deposition in this matter.

The Court finds that Hale has failed to show good cause and a specific need for protection or that justice requires his protection from any annoyance, embarrassment, oppression, or undue burden or expense represented by the deposition.

*Id.* at 2-6.

Plaintiff now seeks sanctions based primarily on Hale's conduct at the March 24, 2014 deposition. *See* Dkt. No. 139. Plaintiff invokes the Court's authority to impose

-4-

sanctions under Federal Rules of Civil Procedure 30(d)(3), 37(a), and 37(b). *See id.* Plaintiff asserts that Hall should be sanctioned because "Hale willfully failed to comply with discovery duties, and this Court's orders by way of (1) unilaterally and prematurely ending the deposition of Keith Hale on March 24, 2014 and (2) by refusing to participate in the deposition of March 24, 2014, such refusal being unreasonable, unjustified, and/or in objective bad faith." *Id.* at 1. Plaintiff requests "that the Court assess appropriate and measured discovery sanctions against [Hale] for willful violation of federal and local rules as to discovery, as well as willful violation of this Court's express discovery orders, including violating the letter and/or spirit of *Order* [Dkt. 97, 3/11/2014]." *Id.*

As legal authority, Plaintiff argues that the Court can and should sanction Hale under Rule 37(a) based on the Court's denial of Hale's Motion for Protective Order and for Suspension of Deposition [Dkt. No. 111] filed under Rule 30(d)(3)(A). Plaintiff also urges the Court to exercise its "broad authority to sanction improper conduct under Fed. R. Civ. P. 37, and also under the doctrine of inherent authority." *Id.* at 5. According to Plaintiff, "the Court is within its discretion to bar [Defendants] from attempting to argue its various shifting and non-credible 'reasons' for failing to submit Nieman to Paul Neir/Southwest Selective Search and/or Republic Group, leaving the case to effectively go to trial on the issue of damages alone, or even supporting entry of judgment in favor of Plaintiff Nieman." *Id.* at 5-6. Plaintiff also invokes Federal Rule of Civil Procedure 37(d), which, Plaintiff explains, "allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition."

*Id.* at 8. Plaintiff candidly concedes that he "does not believe that the Court will find that Defendant Hale's continued and willful non-compliance as to discovery justifies, as of yet, summary or default disposition in Plaintiff Nieman's favor," but Plaintiff reports that he "does believe that this Court will recognize that Defendant Hale's discovery misconduct shows no signs of abating, and that until or unless this Court elects to properly sanction Hale, or to find him in contempt of court, that Defendant Hale simply will only comply at bare minimum with the rules, and/or this Court's orders, if at all." *Id.* at 8-9.

Defendants responded primarily to resist any sanctions in the form of a default judgment or to take the case to jury trial on the so-called "discovery misconduct" alone, *see* Dkt. No. 141 at 5, and also to assert that "granting of a sanctions award against the Defendants would give more energy to Nieman's bad faith efforts to exact revenge on the Defendants for having been dismissed from the RLI Case and pursuing sanctions against Plaintiff Nieman," *id.* at 4.

In reply, Plaintiff asserts that Defendants' response offered "no good reason for [Hale's] bad faith deposition conduct or the conduct that followed as to his purported protective order motion" and that "the Court should award the measured and reasonable discovery sanctions against Defendant Hale that Plaintiff Nieman is seeking, and should order that such amounts should be paid, in full, prior to Defendant Hale sitting for his re-deposition on September 15, 2014." Dkt. No. 142 at 1. Plaintiff asserts that "Hale has offered no argument whatsoever against the imposition of sanction other than sanction of summary judgment in favor of Plaintiff Nieman, and/or

denial of summary judgment potential to Defendant Hale, as a sanction" and "has not opposed this reasonable and measured financial sanction," where "Plaintiff primarily asked only that Defendant Hale be required to pay part of the costs of Nieman's travel to Dallas for Hale's re-deposition ($937.50, as supported) and that Hale be required to have remitted such funds to Plaintiff in full no later than September 8, 2014" and suggested that "[d]efault judgment would only be entered if Hale was ordered to pay and refused to do so." *Id.* at 7.

"Plaintiff respectfully requests that the Court issue the Order (motion exhibit 1, [Dkt. 139-1]) in his favor, assessing measured and appropriate discovery sanctions against Defendants Hale/ISG for their willful disobedience of this Court's prior discovery orders, and for the unjustified conduct as to (1) improperly obstructing the deposition of Keith Hale on March 24, 2014, (2) walking out of said deposition prior to conclusion and without Court permission and (3) in failing to make any type of legitimate factual or legal argument in the following protective order motion, which was flatly denied" and "also believes that since Defendant Hale has provided no legitimate excuse or justification for his confirmed discovery misconduct, that this Court should strongly consider ordering that Hale may not seek Defendant's summary judgment in this case, as additional sanction, because of Hale's clear lack of remorse for his misconduct, and in light of the Court's decision not to recommend (sua sponte) summary judgment in this case." *Id.* at 10.

## Legal Standards and Analysis

The shortcoming in Plaintiff's motion is that it invokes legal authority for

sanctions that does not apply on the record before the Court. Hale did not violate the Court's March 11, 2014 Order [Dkt. No. 97] denying a protective order and ordering that "the deposition of Hale noticed by Plaintiff's Amended Notice of Deposition of Hale shall go forward." Dkt. No. 97 at 17-18. Hale appeared for the deposition, which did go forward on March 24, 2014, but Hale later terminated the deposition and, eight days later, filed a motion for protective order and suspension of the deposition under Rule 30(d)(3). Invoking the "spirit" of the March 11, 2014 Order [Dkt. No. 97] is too slim a reed to support the sanctions that Plaintiff seeks.

For the same reason, sanctions are not authorized under Rule 37(d). That rule provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party ... fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). After the Court denied Hale's motion for a protective order to avoid the deposition as noticed, Hale appeared for his deposition on March 24, 2014.

Hale's April 2, 2014 Motion for Protective Order and for Suspension of Deposition [Dkt. No. 111] asked the Court to, under Rule 30(d)(3)(A), "(1) enter a protective order forbidding Nieman to make inquiry into certain matters, thereby limiting the scope of Nieman's deposition questions of Hale, if the Court determines that a future deposition of Hale is required, and (2) dispense a warning to Nieman ordering him to abide by Federal civil procedure with regard to conducting depositions." Dkt. No. 111 at 3. The Court denied that motion in its entirety and ordered the continuation of Hale's deposition on September 15, 2014. *See* Dkt. Nos. 134

& 138.

Rule 30(d)(3)(C) provides that "Rule 37(a)(5) applies to the award of expenses" on a Rule 30(d)(3)(A) motion. FED. R. CIV. P. 30(d)(3)(C). Rule 37(a)(5)(B), in turn, provides that, if a motion is denied, the Court "must, after giving an opportunity to be heard, require the movant ... to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" but "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B).

But Plaintiff does not seek his expenses incurred in opposing Hale's April 2, 2014 Motion for Protective Order and for Suspension of Deposition [Dkt. No. 111]. Plaintiff has not even tried to prove up those expenses, whatever they may be. Given what Plaintiff has asked for, the Court is not inclined to find that the circumstances justly warrant awarding Plaintiff additional, unasked-for relief

Finally, Plaintiff invokes the Court's inherent powers or authority to impose sanctions. But the Court must "exercise caution" in invoking its inherent powers and should "ordinarily" rely on a rule or statute rather than its inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). That is, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power," although, "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.*

Here, there is a rule that contemplates sanctions for the kind of deposition

conduct for which Plaintiff alleges Hale should be sanctioned and authorizes sanctions of the sort that Plaintiff seeks, that is, that Hale be required to pay part of the costs of Plaintiff's travel to Dallas for Hale's re-deposition. Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." *Howell v. Avante Servs., LLC*, Civ. A. No. 12-293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (internal quotation marks omitted). "Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Civ. A. Nos. 11-2715 & 12-0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (citing cases). The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a party's conduct that impedes, delays, or frustrates the fair examination of the deponent.

The Court concludes that invoking its inherent powers is inappropriate under these circumstances in light of Rule 30(d)(2)'s provisions. And Plaintiff has not actually invoked Rule 30(d)(2). While Rule 30(d)(2)'s text imposes no limitation on the Court's authority to sanction deposition conduct, including by a *sua sponte* order, *see Security Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, 299 F.R.D. 595, 599 (N.D. Iowa 2014),

-10-

Plaintiff's did not put motion for sanctions did not put Defendants on notice of the rule's possible application to Hale's conduct at his March 24, 2014 deposition.

For all these reasons, the Court does not find it appropriate to award sanctions on Plaintiff's Supplemental Motion for Discovery Sanctions in Regard to the Failed Deposition of Defendant Keith Hale, 3/24/2014 [Dkt. No. 139].

Further, Plaintiff also requests that the Court modify the current scheduling order to enlarge time for discovery by a period of approximately 45 to 60 days, if the Court wishes to order Defendant Hale to appear for re-deposition. *See* Dkt. No. 139. But, as the Court already ruled while ordering the continuation of Hale's deposition, *see* Dkt. No. 138 at 1-2, the discovery deadline passed months ago and will not be further extended at this time other than to permit the depositions of Neiman and Hale scheduled for September 15, 2014.

### Conclusion and Order to Show Cause

Plaintiff's Supplemental Motion for Discovery Sanctions in Regard to the Failed Deposition of Defendant Keith Hale, 3/24/2014 [Dkt. No. 139] is DENIED as explained above.

But the Court *sua sponte* ORDERS Defendant Keith Hale to file a written response to this Order to Show Cause by **September 12, 2014**, explaining why he should not be sanctioned pursuant to Federal Rule of Civil Procedure 30(d)(2) – including by an order that Hale pay part of the costs of Plaintiff's travel to Dallas for Hale's re-deposition on September 15, 2014 – for conduct at Hale's March 24, 2014 deposition that impeded, delayed, or frustrated the fair examination of Hale by

Plaintiff and necessitated this Court's order providing that the continuation of Hale's deposition take place in the Court's courtroom or conference room, on the 15th Floor of the Earle Cabell Federal Building in Dallas, Texas, on September 15, 2014.

The Court does not believe that additional briefing is needed from Plaintiff on this matter in light of his submissions in support of his motion for sanctions. Accordingly, no additional briefing will be permitted on the matter of possible Rule 30(d)(2) sanctions unless ordered by the Court.

Further, the Court advises the parties that they must comply with the Court's August 15, 2014 Order Scheduling Deposition [Dkt. No. 138] whether or not the Court has issued an order as to possible Rule 30(d)(2) sanctions before September 15, 2014.

SO ORDERED.

DATED: September 4, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE