IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON LEE NIEMAN,                    §
                                     §
            Plaintiff,               §
                                     §
V.                                   §        No. 3:12-cv-2433-L-BN
                                     §
KEITH HALE, ET AL.,                  §
                                     §
            Defendants.              §

**ORDER ON PENDING DISCOVERY MOTIONS AND SANCTIONS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(D)(2)**

Defendants Keith Hale and Insurance Search Group have filed a Motion to Compel and for Protective Order, *see* Dkt. No. 135, to which Plaintiff Jason Lee Nieman has responded, *see* Dkt. No. 136. Defendants have not filed a reply, and their time for doing so has passed. For the reasons explained below, Defendants' motion [Dkt. No. 135] is GRANTED in part and DENIED in part.

The Court has also ordered Defendant Keith Hale to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 30(d)(2) – including by an order that Hale pay part of the costs of Plaintiff's travel to Dallas for the continuation of Hale's deposition on September 15, 2014 – for conduct at Hale's March 24, 2014 deposition that impeded, delayed, or frustrated the fair examination of Hale by Plaintiff and necessitated this Court's order providing that the continuation of Hale's deposition take place in the Court's courtroom or conference room, on the 15th Floor of the Earle Cabell Federal Building in Dallas, Texas, on September 15, 2014. *See* Dkt.

-1-

No. 143. Defendant Hale timely responded to that show cause order. *See* Dkt. Nos. 144 & 145.

Plaintiff has also filed a Motion for Miscellaneous Relief Regarding Outstanding Discovery Motion Practice. *See* Dkt. No. 150 That motion [Dkt. No. 150] is DENIED as moot based on the Court's rulings in this order.

### Federal Rule of Civil Procedure 30(d)(2) Sanctions

In its Memorandum Opinion and Order Denying Supplemental Motion for Discovery Sanctions and Order to Show Cause [Dkt. No. 143], the Court explained that Federal Rule of Civil Procedure 30(d)(2) contemplates sanctions for the kind of deposition conduct for which Plaintiff has alleged that Hale should be sanctioned and authorizes sanctions of the sort that Plaintiff has sought, that is, that Hale be required to pay part of the costs of Plaintiff's travel to Dallas for the continuation of Hale's deposition.

Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." *Howell v. Avante Servs., LLC*, Civ. A. No. 12-293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (internal quotation marks omitted). "Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *S. La. Ethanol, L.L.C. v.*

*Fireman's Fund Ins. Co.*, Civ. A. Nos. 11-2715 & 12-0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (citing cases). The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a party's conduct that impedes, delays, or frustrates the fair examination of the deponent.

In response to the Court's show cause order, Hale asserts that, in determining whether to assess sanctions, the Court must determine if Hale was justified in terminating his deposition on the ground that Plaintiff conducted himself in bad faith or in a manner that unreasonably annoyed, embarrassed, or oppressed Hale. *See* Dkt. No. 144. But Hale already filed a Motion for Protective Order and for Suspension of Deposition [Dkt. No. 111], which the Court denied finding that a "review of the deposition transcript suggests that Hale himself unnecessarily asserted objections to numerous questions, refused to answer questions due to objections that did not assert privilege, and failed to comply with his discovery obligations," that " Hale is not eligible for a protective order simply based on his belief that Nieman is a vexatious litigant with a frivolous case," and "that Hale has failed to show good cause and a specific need for protection or that justice requires his protection from any annoyance, embarrassment, oppression, or undue burden or expense represented by the deposition." Dkt. No. 134 at 6.

Hale's response to the show cause order essentially recaps his view that Plaintiff is a vexatious litigant with a frivolous case. Specifically, Hale contends that "Nieman's (1) relentless, unconscionable and unjustified prosecution of Hale from February of

2011 to the present day, (2) of Hale, lacking knowledge, experience, and expertise in litigation practice and procedures resulting in (3) Hale's financial destruction and (4) the required neglect of his business, set the context, and color through which the Court must interpret the events of March 24, 2014." Dkt. No. 144 at 3-4. In essence, Hale asserts that Plaintiff's conduct pushed him, as a defendant in this litigation proceeding *pro se* for financial reasons, to the point that he terminated his March 24, 2014 deposition and that Hale does not have the financial means to pay a sanction.

Plaintiff has asked that Hale be required, as a sanction, to pay part of the costs of Plaintiff's travel to Dallas, Texas for the continuation of Hale's deposition that was prematurely terminated on March 24, 2014. The continuation of that deposition was set for September 15, 2014 but did not go forward because of Plaintiff's unavailability despite his travel to Dallas on September 14 for the deposition.

The ill feelings between the *pro se* litigants in this case is well known to the Court and cannot be entirely ignored. And the record before the Court supports Hale's consistently stated view that he is not proceeding here *pro se* by choice but because of an inability to pay for legal defense. *See, e.g.*, Dkt. No. 64.

But the Court finds that it cannot let go unchecked the conduct of a litigant – even a *pro se* litigant – that impedes and frustrates the fair examination of a party by the other party and that necessitates an order providing that the continuation of a deposition must take place in the Court's courtroom or conference room. For the reasons explained in the Court's August 6, 2014 Memorandum Opinion and Order [Dkt. No. 134], the Court finds that, at his March 24, 2014 deposition taken by

Plaintiff, Hale unnecessarily asserted objections to numerous questions, refused to answer questions due to objections that did not assert privilege, in violation of Federal Rule of Civil Procedure 30(c), and failed to comply with his discovery obligations. Hale did so despite – as reflected in the deposition transcript – sitting for his deposition with a copy in hand of this Court's March 23, 2014 order that discussed the rules for permissibly objecting to and answering deposition questions under Federal Rules of Civil Procedure 30(c) and 30(d). *See* Dkt. No. 103 at 8-9; Dkt. No. 122-4 at 22 of 35. Hale's conduct at the deposition required remedial action, and that action – a continuation of Hale's deposition to take place in the Court's courtroom or conference room in Dallas – caused Plaintiff to incur additional expenses to travel to Dallas for the continuation of the deposition after having already done so for the deposition on March 24, 2014.

Under all of the circumstances, the Court finds that a sanction against Defendant Keith Hale is appropriate and necessary under Federal Rule of Civil Procedure 30(d)(2) for Hale's impeding and frustrating Plaintiff's fair examination of Hale as a deponent on March 24, 2014 and that the appropriate sanction, in light of Plaintiff's incurring additional travel expenses for the continuation of Hale's deposition, is a payment by Defendant Keith Hale to Plaintiff Jason Lee Nieman in the amount of $500.00, to be made by **November 15, 2014**.

### Defendants' Motion to Compel and for Protective Order

Much of the ground covered by Defendants' Motion to Compel and for Protective Order [Dkt. No. 135] has been addressed in prior motions and the Court's orders,

including, in particular, the Court's March 11, 2014 Order [Dkt. No. 97]. In that order, the Court granted Defendants' Motions to Compel [Dkt. Nos. 80 & 87] and ordered that "Plaintiff shall provide answer Interrogatory Nos. 1, 4, 5, 7, 8, 9, 12, and 13 'separately and fully in writing under oath'" and "shall provide the documents requested in Request for Production Nos. 1, 2, 3, 5, 19, 20, 29, and 18 in an organized and usable fashion" by March 25, 2014; denied Plaintiff's Motion for Protective Order [Dkt. No. 89] without prejudice; and denied Defendants' motion for protective order [Dkt. No. 92]. Dkt. No. 97 at 18-19. The Court also ordered that, as to the documents produced by Plaintiff in which Defendants have referred to as a "document dump," Plaintiff "must organize the documents in a usable fashion, specifically identifying which documents are responsive to each of Defendants' requests." *Id.* at 6.

The Court will take up Defendants' various requests in turn.

<u>Plaintiff's Responses to Interrogatory Nos. 1, 5, 8, & 9 and RFP Nos. 1, 3, 8, 19, & 20</u>

Plaintiff and Defendants each have an obligation under Federal Rule of Civil Procedure 26(e)(1) to supplement or correct a disclosure or response if the party learns that, in some material respect, a prior disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Defendants assert that Plaintiff has failed to comply with that obligation and the Court's March 11, 2014 Order [Dkt. No. 97] compelling Plaintiff to produce responses or supplemental responses to Defendants' Interrogatory Nos. 1, 5, 8, and 9 and Request for Production ("RFP") Nos. 1, 3, 8, 19, and 20. The Court will address each request below.

As a general response, Plaintiff argues that Defendants' motion to compel is untimely. But, under all of the circumstances, the Court does not agree, and, regardless, Plaintiff's compliance with the Court's March 11, 2014 Order [Dkt. No. 97] and his Rule 26(e) supplementation obligations will not be excused by any perceived delay in Defendants' bringing issues to Plaintiff's or the Court's attention. Likewise, Plaintiff's argument regarding Hale's alleged "discovery lapses" does not excuse Plaintiff's compliance with the Court's orders and his supplementation obligations. *See generally Genentech, Inc. v. Trustees of Univ. of Pa.*, No. C 10-02037, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("The Court does not look favorably upon a 'tit-for-tat' approach to discovery. A party may not withhold relevant discovery simply on the basis that the other side has not been forthcoming with discovery. A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent." (internal quotations and citations omitted)).

As to Defendants' Interrogatory Nos. 1 and 9 and Request for Production Nos. 1 and 20, Defendants' generally stated belief that Plaintiff has not fully responded to these requests is insufficient to grant a motion to compel. But Plaintiff remains obligated to the Court's orders and his supplementation obligations.

As to Defendants' Interrogatory No. 5 and Request for Production No. 3, Defendants appear to believe that Plaintiff has not provided all the information and documents that the Court previously ordered. But the Court interpreted RFP No. 3 to

seek documents that Plaintiff filed with the EEOC or other regulatory agency and in any court that allege discrimination. *See* Dkt. No. 97 at 10. If Plaintiff has not previously produced to Defendants (or their former counsel in this action) all of these documents in his possession, custody, or control, he must do so by the time of the depositions on **September 29, 2014**. Likewise, insofar as Plaintiff has not described the outcome of any administrative or regulatory matters as required by Defendants' Interrogatory No. 5, *see* Dkt. No. 135-1, he must supplement his response to provide this information by the time of the depositions on **September 29, 2014**.

As to Defendants' Interrogatory No. 8 and Request for Production Nos. 8 and 19, Defendants' complaints about Plaintiff's responses are adequately addressed by the Court's ruling above as to Defendants' Request for Production No. 3.

Depositions of Republic Underwriters and Paul Neir

Defendants also request that the Court order Plaintiff to produce the depositions of Republic Underwriters and Paul Neir – presumably meaning a copy of the transcript of these depositions taken by Plaintiff on March 24, 2014. *See* Dkt. No. 135 at 15. Plaintiff's response does not address this request. Defendants assert that "[d]epositions from the instant case (Republic and Neir) clearly refer to communications responsive to Interrogatory No. 1 and RFP No. 1" and that "Defendant believes that key evidence that contradicts Plaintiff's claims is held within those depositions." *Id*. at 2.

Defendant Hale certainly had the right to be present at these depositions and should be able to order copies of the transcripts. But Defendants' Request for Production No. 1 also appears to broadly encompass these copies of transcripts of these

depositions as communications subject to that request, with which the Court has already compelled Plaintiff's compliance. *See* Dkt. No. 97 at 8. If Plaintiff has in his possession or custody copies of the transcript of the March 24, 2014 depositions of Republic and Neir, the Court ORDERS Plaintiff to produce a copy of each to Defendants by **September 26, 2014**.

The Parties' Communications by Email

Defendants also ask the Court to order Plaintiff to only use the keith@insearchgroup.com email address when communicating with Defendant and to send each email only once. It is unclear what (if any) rule is implicated by this request, but the Court also can see no reason why Plaintiff should not comply with it. Plaintiff is, accordingly, ORDERED to, when communicating with Defendants or serving Defendants through email, send each email communication only once to the email address keith@insearchgroup.com.

Plaintiff's So-Called "Document Dump"

Defendants request that the Court compel Plaintiff to review all the documents in the so-called "document dump" and indicate which reflect a truthful response to the requests and which do not. That the Court will not do. Plaintiff is required to produce any and all responsive documents, subject to objections, privileges, and other protections, in response to a Federal Rule of Civil Procedure 34 request for production. A document request does not, without more, require that the responding party authenticate or verify the truth of the contents of those documents. Plaintiff's failure to do so is not a ground for imposing sanctions, as Defendants request. To seek this

information, Defendants can ask Plaintiff about any produced document during Plaintiff's deposition.

Defendants also requests that the Court compel Plaintiff to identify which interrogatory and RFP each document produced in the "document dump" is responsive to. That the Court has already done in its March 11, 2014 Order, as the Court explained above. *See* Dkt. No. 97 at 6. Plaintiff's response does not address this request in Defendants' latest motion other than to defend why Plaintiff produced so many documents. *See* Dkt. No. 146 at 14. Plaintiff's response does not address his compliance with the Court's prior order finding and ordering as follows:

> As described more fully below, the Court therefore rejects the argument that Plaintiff is entitled to produce his records and documents in whatever condition he stores them. It is clear that these items, which are haphazardly organized on a CD, are not the "business records" of Plaintiff, as that term is defined. He must organize the documents in a usable fashion, specifically identifying which documents are responsive to each of Defendants' requests.

Dkt. No. 97 at 6. The Court again ORDERS that, for the reasons explained in the Court's March 11, 2014 Order, *see id.* at 4-6, Plaintiff is required to organize the documents he has produced in a usable fashion, specifically identifying which documents are responsive to each of Defendants' requests, and must do so by **October 6, 2014**.

<u>Plaintiff's Requests for Admission</u>

Plaintiff served Defendants with requests for admission under Federal Rule of Civil Procedure 36 to which Defendants admit they have not responded. The Court rejects Defendants' assertion that the stray reference in the "Instructions" to "Great

American" – which was followed by "(hereafter referred to as 'you,' 'Keith Hale', 'Insurance Search Group', 'Hale', 'ISG' and/or 'Hale/ISG' as to the Defendants jointly)," Dkt. No. 136-10 at 2 – relieved Defendants of any obligation to answer these requests directed to them under Rule 36.

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [Fed. R. Civ. P.] 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," although "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (footnotes omitted).

Because Rule 36 is self-executing, 30 days after service of Plaintiff's requests, in the absence of a written and signed answer or objection addressed to each matter, all the requests were deemed admitted by default. *See In re Carney*, 258 F.3d 415, 420

(5th Cir. 2001); *see also Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (applying Rule 36 against *pro se* litigant). Because the 30-day deadline has run and no extensions were requested or granted, Defendants' sole recourse is to move to withdraw or amend their deemed admissions under Rule 36(b).

Because Defendants are proceeding *pro se*, the Court will liberally construe their motion for protective order as to the Rule 36 requests as a motion to withdraw or amend their deemed admissions under Rule 36(b). "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *Carney*, 258 F.3d at 419. "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id.* The United States Court of Appeals for the Fifth Circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, *see Pickens v. Equitable Life Assurance Soc'y*, 413 F.2d 1390, 1394 (5th Cir. 1969), or its diligence in seeking withdrawal, *see Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam).

Here, Plaintiff appears to believe that Defendants' deemed admissions deal with matters very germane to his view of the outcome of this case. In Plaintiff's view, then, withdrawal or amendment of the admissions would serve the presentation of the case on its merits, which would favor withdrawal under the Rule 36(b) standard. But Defendants assert that most of Plaintiff's requests for admission deal with the Illinois

case involving RLI Corp. and not this case. *See* Dkt. No. 135 at 13. If Defendants are correct, withdrawal or amendment of these irrelevant admissions would not serve the presentation of this case on its merits.

The Court agrees with Defendants that Plaintiff's Request for Admission Nos. 1, 2, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 all appear to be directed to issues related to the Illinois litigation and not the merits of this case. *See* Dkt. No. 136-10. Rule 36(a) clearly provides that these requests for admission served in this case can seek admissions "for purposes of the pending action only." FED. R. CIV. P. 36(a). Accordingly, the Court will deny any liberally construed motion to withdraw the deemed admissions to the matters in Plaintiff's Request for Admission Nos. 1, 2, 5 (insofar as it refers to Request for Admission No. 1), 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 because withdrawing the deemed admissions to these requests would not promote the presentation of the merits of this case. *See S.E.C. v. AmeriFirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 2073498, at *1 (N.D. Tex. May 13, 2008). But withdrawing the deemed admissions as to Plaintiff's Request for Admission Nos. 3, 4, 5 (insofar as it refers to Request for Admission No. 3), and 21 – which do address matters relevant to this case – undisputedly would promote the presentation of the merits of this case.

Defendants must also show that withdrawing Defendants' deemed admissions as to Plaintiff's Request for Admission Nos. 3, 4, 5 (insofar as it refers to Request for Admission No. 3), and 21 would not prejudice Plaintiff. As to this prong of the Rule 36(b) standard, the Court notes that "[t]hat it would be necessary for a party to prove

a fact that it would not otherwise be obligated to prove if the matter were deemed admitted does not constitute the kind of prejudice contemplated by Rule 36(b)." *Id.* at *2. Rather, "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n*, 930 F.2d at 1120.

Plaintiff argues that he would be prejudiced "by allowing Defendant Hale to withdraw such judicial admissions after the parties already pled and argued their briefs as to the Court's sua sponte summary judgment event." Dkt. No. 136 at 19. But the undersigned has already issued an order stating the conclusion that a *sua sponte* recommendation of summary judgment is not warranted at this time under Federal Rules of Civil Procedure 56(a) and 56(f), *see* Dkt. No. 127, and Plaintiff makes no other case for prejudice. Further, although Defendants did not move for withdrawal or amendment of their admissions while discovery was open, the Court precluded the parties from filing discovery-related motions before that time. *See* Dkt. No. 84; Dkt. No. 115. The Court therefore finds no basis to deny withdrawal based on any prejudice to Plaintiff of the kind contemplated by Rule 36(b) or based on any fault or lack of diligence by Defendants. *Cf. Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260 (5th Cir. Mar. 6, 2007)

For these reasons, the Court GRANTS Defendants' liberally construed Rule 36(b) motion to withdraw to the extent that it seeks to withdraw Defendants' deemed admissions as to Plaintiff's Request for Admission Nos. 3, 4, 5 (insofar as it refers to

Request for Admission No. 3), and 21 and DENIES the motion to the extent that it seeks to withdraw Defendants' deemed admissions as to Plaintiff's Request for Admission Nos. 1, 2, 5 (insofar as it refers to Request for Admission No. 1), 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. By **October 16, 2014**, Defendants Keith Hale and Insurance Search Group must serve on Plaintiff written answers or objections addressed to Plaintiff's Request for Admission Nos. 3, 4, 5 (insofar as it refers to Request for Admission No. 3), and 21.

<u>Defendants' Requests for a Protective Order</u>

The Court has carefully considered Plaintiff's request for metadata associated with certain documents that Defendants have produced in paper form, specifically Defendants' Bates D 0444-0445 and Defendants' Bates D 0446, which are apparently Hale's notes regarding the RLI Corp. search and regarding the Republic Group search. The Court finds that this matter is resolved by Defendants' previous agreement to produce certain responsive documents and the Court's order based on that agreement. *See* Dkt. No. 65 at 8-9. That agreement reflected that Defendants would produce the information with "redactions as to the identity of any [other individuals that sought employment with RLI Corp. in the same capacity sought by Nieman]" and "redacted records evidencing Defendants' submission of an employment candidate for John Doe Corp.'s consideration." *Id.* Plaintiff's submission of the pages of notes that Defendants produced makes clear that Defendants did just that. *See* Dkt. No. 122-4. It is also clear that producing electronic versions of these notes with metadata would reveal the redacted information regarding the identity or personal information regarding persons

-15-

other than Plaintiff, contrary to the understanding on which the Court previously disposed of Plaintiff's motion to compel. *See* Dkt. No. 65 at 8-9. Plaintiff's stated grounds for needing this information, in the face of the understanding reflected in the Court's prior order [Dkt. No. 65], all turn on Plaintiff's view that Defendants have not fully complied with their obligations to produce all responsive notes or that the metadata will somehow discredit or contradict Hale's prior statements. Under all the circumstances, the Court finds that that is not a sufficient basis to now order Defendants to produce information beyond what Defendants agreed to produce to resolve the issue previously. Defendants' motion for a protective order against Plaintiff's request for native/electronic versions, with metadata, of the notes produced as Defendants' Bates D 0444-0445 and Defendants' Bates D 0446 is GRANTED.

So, too, is Defendants' request for a protective order regarding Plaintiff's request for a copy of Defendants' agreement with RLI Corp. Even if this would be responsive to Plaintiff's Request for Production Nos. 17, 23, or 28, Defendants' responses to those requests did not agree to produce any document that would match the description of this contract. *See* Dkt. No. 46-5. And Plaintiff did not previously move to compel production of a broader range of documents – other than as to RFP No. 17, the terms of which would appear (of the three RFPs to which Plaintiff points) most likely to possibly cover the contract but as to which the Court's order [Dkt. No. 65] did not require production of a range of documents that would include this contract.

As to this issue, and as a more general matter, the Court reminds the parties that this is not a case about Defendants' alleged liability as to Plaintiff's application

with RLI Corp. or Defendants' conduct in connection with that application. Plaintiff is pursuing a case related to that in a court in Illinois. Although Plaintiff's claims are factually related to that action, this Court is not litigating that case here.

Defendants' Sanctions Requests

Defendants ask the Court to sanction Plaintiff "for discovery misconduct in reference to the shifting 'reliability' of his Document Dump, and for his destructive perversion of depositions as noted by the Defendant." Dkt. No. 135 at 15-16 (citing Dkt. No. 126 at 9-11). The Court has already denied Defendants' request for sanctions in connection with the "document dump" issue above. Neither does Defendants' disagreement with Plaintiff's arguments based on Paul Neir's deposition testimony provide grounds for imposing sanctions for any alleged discovery misconduct under Federal Rule of Civil Procedure 37 or otherwise.

## Conclusion

Defendants' Motion to Compel and for Protective Order [Dkt. No. 135] is GRANTED in part and DENIED in part as explained above.

The Court further ORDERS that Defendant Keith Hale, as an appropriate sanction under Federal Rule of Civil Procedure 30(d)(2) for impeding and frustrating Plaintiff's fair examination of Hale as a deponent on March 24, 2014, must make a payment to Plaintiff Jason Lee Nieman in the amount of $500.00 by **November 15, 2014**.

Plaintiff's Motion for Miscellaneous Relief Regarding Outstanding Discovery Motion Practice [Dkt. No. 150] is DENIED as moot in light of these other rulings in

this order.

SO ORDERED.

DATED: September 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE