IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2433-L-BN |
| | § | |
| KEITH HALE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**<u>ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER</u>**

Defendant Keith Hale has filed a Motion for Protective Order. *See* Dkt. No. 161. Plaintiff Jason Lee Nieman has responded, *see* Dkt. Nos. 162, and Defendant Hale's time for filing a reply has passed without his filing a reply, *see* N.D. TEX. L. CIV. R. 7.1(f). For the reasons explained below, Defendant Hale's Motion for Protective Order [Dkt. No. 161] is GRANTED in part and DENIED in part.

The Court ordered that, "[o]nce the deposition transcript is available, Defendants and Plaintiff should confer in good faith to resolve these final discovery disputes without the Court's intervention." Dkt. No. 159 at 2. The parties' filings make it apparent that Defendant Hale did not confer with Plaintiff before filing this Motion for Protective Order, and neither party attached the full transcript of Defendant Hale's September 30, 2014 deposition, despite the Court's order to do so. *See id.* The motion could be denied on that basis alone, but "the pretrial phase of this case is rapidly coming to an end," and these discovery disputes need to come to an end. *Id.* at 5.

In his Motion for Protective Order, Defendant Hale seeks an order to "restrain

Nieman from conducting any and all kinds of 'claims/SIU investigat[ions]', and/or cyber-stalking efforts to locate and 'verify the identities' of (a) Hale's wife, specifically, (b) Hale's son, specifically, (c) Hale's parents, specifically, (d) any and all of Hale's family members, generally." Dkt. No. 161 at 5. But Plaintiff's email on which Defendant Hale relies does not threaten a claims/SIU investigations or cyber-stalking of Defendant Hale's family members. *See* Dkt. No. 161-2. Rather, Plaintiff said that he may use his "skills as a claims/SIU investigator to locate and verify the identities of these persons," using "public records search engines." *Id.* The Court has no basis to issue an order prohibiting that conduct, particularly where Plaintiff's emails appear to be focused on calling certain relatives of Defendant Hale as trial witnesses. *See id.*; Dkt. No. 161-1.

Defendant Hale also seeks an order, "with regard to Nieman's anticipated communication with Hale's son, [to] limit the scope of disclosure or discovery to certain matters, that is, the transfer of data from Hale's failed computer to Hale's present computer." Dkt. No. 161 at 5. As the Court has explained, discovery is closed. *See* Dkt. No. 159. If Plaintiff seeks to communicate with Defendant Hale's son Andrew Hale, the Court would expect it to be limited to topics relevant to Plaintiff's claims and Defendants' defenses, but any pretrial communications with Defendant Hale's son would necessarily be informal and subject to Andrew Hale's willingness to speak to Plaintiff and answer his questions. On this motion, however, Defendant Hale has provided no basis for an order prohibiting Plaintiff's communications with Defendant Hale's son, Andrew Hale, as to whom Defendant Hale agreed at Defendant Hale's

September 29, 2014 deposition to provide Plaintiff with "the address and phone number for Andrew Hale." Dkt. No. 162-1 at 9 of 14. And the Court notes that Plaintiff's email on which Defendant Hale's motion relies only suggests that Plaintiff intends to subpoena Defendant Hale's son for trial. *See* Dkt. No. 161-1. Accordingly, Defendant Hale's request for a protective order in this regard is denied, and, pursuant to Federal Rule of Civil Procedure 26(b), Defendant Hale is ordered to provide Plaintiff with direct contact information (address and phone number) for Andrew Hale.

Defendant Hale also seeks an order to "prohibit any and all communication from Nieman to (a) Hale's wife and (b) Hale's parents." Dkt. No. 161 at 4. Communications between Defendant Hale and his wife may be privileged, and Defendant Hale's wife may have a privilege or right, even if subject to compulsory process to testify at trial, to refuse to disclose any a confidential communication made to her by Defendant Hale. But the Court need not address or issue a ruling on that at this time. Again, discovery is closed, so any communications with Defendant Hale's wife would necessarily be informal. And Plaintiff's email on which Defendant Hale's motion relies does not even suggest that Plaintiff will attempt to contact her prior to trial but rather states that Plaintiff will consider Defendant Hale's wife "to be a viable witness for trial." Dkt. No. 161-2. Defendant Hale has provided no basis for an order prohibiting Plaintiff's communications with Defendant Hale's wife if she is otherwise willing to communicate with Plaintiff as to topics relevant to Plaintiff's claims and Defendants' defenses, and Defendant Hale has offered no basis for the Court to, at this time, make any ruling on whether his wife could be called as a witness at a trial.

Finally, as to Defendant Hale's parents, a protective order is justified. A prevailing defendant to recover attorneys' fees in a Title VII lawsuit if the suit is frivolous, unreasonable, or without foundation, *see Tyler v. Cedar Hill Ind. Sch. Dist.*, 433 F. App'x 265, 266-67 (5th Cir. 2011), and Defendant Hale has prayed in his Answer to Plaintiff's Second Amended Complaint for "order that Plaintiff pay all of Defendants' reasonable costs and attorneys' fees in defending this matter." Dkt. No. 41 at 10. Neither party provided the deposition transcript of the Court's discussion with the parties on September 29, 2014 regarding contact information as to Defendant Hale's parents, although the Court does not recall ordering Defendant Hale to turn over that contact information. Plaintiff's response, for its part, reports that "the Court appeared to generally agree that such information was at issue and Hale agreed to supplement within 7 days of 9/29/2014." Dkt. No. 162 at 3. But, whatever the Court's ruling on September 29, 2014, on further consideration, the Court does not understand how Defendant Hale's parents' contact information could be relevant or required here even if Defendant Hale borrowed money from them to pay his attorneys' fees. A party may obtain money from any number of sources to pay attorneys' fees, but the Court fails to see how that is relevant to whether the party may be entitled to an award of those fees as a prevailing party. In other words, Defendant Hale may or may not owe part of any award to his parents as part of their loan agreement, but that has nothing to do with whether Defendant Hale is entitled to an award of the fees that he paid his attorney if he is determined to be the prevailing defendant in a Title VII lawsuit that is frivolous, unreasonable, or without foundation. Plaintiff has not suggested any other

basis for which he needs Defendant Hale's parents' contact information, which does not therefore appear to be information that is relevant to any party's claim or defense, that is relevant to the subject matter involved in this action, or that is reasonably calculated to lead to the discovery of admissible evidence. The Court grants a protective order as to the name, address, and phone number for Defendant Hale's parents.

To the extent that Plaintiff's response to Defendant Hale's Motion for Protective Order [Dkt. No. 162] requests that "the Court direct Hale to supplement with the information he promised to provide during re-deposition; including the present status of the alleged 'broken' Apple laptop computer [and] sworn/verified supplementation by Keith and/or Andrew Hale as to exactly how files were preserved during the transfer process," those requests are denied. Plaintiff has not provided the Court with adequate briefing to grant those requests. But all parties are reminded that each party has an ongoing "Rule 26(e)(1) obligation to supplement or correct a disclosure or response if the party learns after [April 18, 2014], that, in some material respect, a prior disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Dkt. No. 34 at 3; *see also* Dkt. No. 159 at 3.

SO ORDERED.

DATED: November 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE