IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2433-L-BN |
| | § | |
| KEITH HALE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION FOR DISCOVERY SANCTIONS (AS TO SPOLIATION) AGAINST DEFENDANTS KEITH HALE AND INSURANCE SEARCH GROUP**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 19. Plaintiff Jason Lee Nieman filed a Motion for Discovery Sanctions (as to Spoliation) against Defendants Keith Hale and Insurance Search Group ("Sanctions Motion"). *See* Dkt. No. 154. Defendants filed a Response, *see* Dkt. No. 160, and Plaintiff filed a Reply, *see* Dkt. No. 163. The Court now DENIES the Sanctions Motion. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense in unwarranted, the motions should be

-1-

characterized as non-dispositive and may be ruled on by the magistrate judge).

## Background

During this litigation, Plaintiff requested electronic versions of Defendant Hale's recruiting notes from a McHunter computer program ("McHunter files"). *See* Dkt. No. 151 at 15; Dkt. No. 154 at 3. Defendants produced redacted paper copies of the McHunter files. *See* Dkt. No. 151 at 15. On September 25, 2014, the Court granted Defendants' motion for protective order against Plaintiff's request for the electronic version of the McHunter files because Defendants' redacted paper production was responsive and the production of the electronic McHunter files would reveal redacted information. *See* Dkt. No. 151 at 15; *accord* Dkt. No. 154 at 3 (noting that "the Court granted Defendant Hale's motion for protective order, apparently finding that the need for redactions as to personal information as to other candidates outweighed Plaintiff's arguments in favor of production of [the electronic McHunter files]").

On October 2, 2014, Plaintiff filed this Sanctions Motion alleging that Hale admitted – during Hale's deposition – to destroying the computer that contained the electronic McHunter files. *See* Dkt. No. 154 at 2, 6, 9. Hale's deposition transcript reveals that Hale testified that he replaced the computer at issue when it began to malfunction. *See* Dkt. No. 163 at 2 (quoting Hale's deposition ["Hale's Dep."] at 41:24-42:1). Hale testified that he replaced the computer so that he would not lose data. *See* Dkt. No. 160 at 6. Hale also testified that he preserved files relating to this litigation – including the electronic McHunter files – and transferred them to a replacement computer. *See* Dkt. No. 154 at 2; Dkt. No. 160 at 7; Dkt. No. 163 at 2 (quoting Hale's

Dep. at 41:24-42:1).

Plaintiff also alleges that Hale admitted to materially altering the McHunter files. *See* Dkt. No. 154 at 2, 5, 8, 9; Dkt. No. 163 at 4. But a review of Hale's deposition transcript shows that Hale did not admit to altering the McHunter files. *See* Dkt. No. 163 at 4-5. Rather, Hale objected to Plaintiff's inference that he materially altered the McHunter files. *See id.* at 5 (quoting Hale's Deposition at 100:10-13 ("I object, mischaracterization, use of the term 'alter.' All I did was update and just expand my record based upon facts that I remembered."). Hale explained that he did not delete any notes but only made chronological additions. *See id.* at 4-5 (quoting Hale's Dep. at 97:20-21); *accord* Dkt. No. 154 at 2 ("Defendant Hale claimed, under oath, that there were no deletions, only addition to the notes."). Hale also testified that he routinely made these types of updates in his business. *See* Dkt. No. 163 at 4 (quoting Hale's Dep. at 94:4-20). And a review at the produced McHunter files reveals that Hale actually dated each of his updates. Dkt. No. 154 at Ex. 1 and 2. D0444-0446. Further, the produced McHunter files contain statements that could support Plaintiff's cause of action. *See* Dkt. No. 164-2 at 8 ("Hale has turned over purported notes which contain an admission against interest, stating '3/22/2012 Nieman sent resume, requesting to be submitted. Interest timing with recent events in RLI case. Ignore.'"); *see also* Dkt. No. 154 at Ex. 2. D0446.

Plaintiff seeks sanctions, under Federal Rule of Civil Procedure 37 and the Court's inherent power, for Hale's alleged destruction of the computer containing the McHunter files and the material alteration of those files. *See* Dkt. No. 154 at 9-10.

-3-

**Legal Standards**

Federal Rule of Procedure 37 provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders," including, among other sanctions, directing that matters embraced in the order or other designated facts be taken as true, prohibiting the disobedient party from introducing designated matters in evidence, and/or staying further proceedings until the order is obeyed. FED. R. CIV. P. 37(b)(2)(A).

The United States Supreme Court has held that federal courts may, in certain circumstances, issue sanctions under their inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *see also Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011) (court's inherent authority "is necessarily confined to instances of bad faith or willful abuse of the judicial process."). The Court must "exercise caution" in invoking its inherent powers and should "ordinarily" rely on a rule or statute rather than its inherent power. *Chambers*, 501 U.S. at 50. That is, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power," although, "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id*. The threshold for the use of the inherent power sanction is high. *See, e.g.*, *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). Because of their very potency, inherent powers must be exercised with restraint and discretion. *See Chambers*, 501 U.S. at 44.

Spoliation of evidence is among the range of conduct for which a court may assess sanctions using its inherent powers. *See Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, 905 (5th Cir. 2010). "Spoliation is the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Ashton*, 772 F. Supp. 2d at 799 (internal quotation marks omitted).

"Destroying or altering evidence, however, does not necessarily mean that the party has engaged in sanction-worthy spoliation." *Id.* at 799-800. "Instead, the Court must first find the existence of a duty to preserve the information, a culpable breach of that duty, and resulting prejudice to the innocent party," and "[t]he party seeking the spoliation sanction bears the burden of proof." *Id.* at 800; *see also Rimkus Consulting Group v. Cammarata*, 688 F. Supp. 2d 598, 612-16 (S.D. Tex. 2010) (to obtain sanctions for spoliation of evidence, a party must establish "(1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.").

Turning to the first element, "[a] duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation," and this duty "is a duty owed to the *court*, not to the party's potential adversary, hence, spoliation is considered an abuse of the judicial process." *Ashton*, 772 F. Supp. 2d at 800. As for culpability, although the level of culpability required for spoliation is not

yet settled within the Fifth Circuit, a showing of bad faith or wilful abuse of the judicial process is required for the Court to exercise its inherent powers. *See id.* In addition, in the Fifth Circuit, "the circumstances of the act [of spoliation] must manifest bad faith" before severe sanctions are available. *Vick v. Texas Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975). Bad faith has been defined "as conduct involving 'fraudulent intent and a desire to suppress the truth.'" *Ashton*, 772 F. Supp. 2d at 800-01 (quoting *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 344 (M.D. La. 2006)).

Further, "the prejudice element is satisfied where a party's ability to present its case or to defend is compromised." *Id.* at 801. The prejudice element requires that the spoliated evidence be relevant to the lawsuit and that the spoliated evidence would have supported the inference sought by the moving party. *See Rimkus*, 688 F. Supp. 2d at 616. But courts recognize that "[t]he burden placed on the moving party to show that the lost evidence would have been favorable to it ought not to be too onerous, lest the spoliator be permitted to profit from its destruction." *Id.* (internal citations omitted). Courts are not uniform in their application of the prejudice requirement, and "[t]he Fifth Circuit has not explicitly addressed whether even bad-faith destruction of evidence allows a court to presume that the destroyed evidence was relevant or its loss prejudicial. Case law in the Fifth Circuit indicates that an adverse inference instruction is not proper unless there is a showing that the spoliated evidence would have been relevant." *See id.* at 617 (citing *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 & n.8 (5th Cir. 2005)). But at least one court within the Fifth Circuit has held

that bad faith destruction of evidence "alone is sufficient to demonstrate relevance." *Consol. Aluminum Corp.*, 244 F.R.D. at 340 n.6. In any case, courts have permitted parties to demonstrate that the spoliated evidence would have helped the moving party through circumstantial evidence. *See Ashton*, 772 F. Supp. 2d at 804 ("In sum, the totality of the circumstantial evidence surrounding the Defendants' actions, as recounted in detail throughout this opinion, would permit a reasonable fact finder to conclude that the missing evidence would have aided Plaintiff in proving her claims."); *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 393 (E.D. La. 2011) ("[G]iven the facts and circumstances presented here, the Court finds that PHI has carried its limited burden of demonstrating that the lost documents would have been relevant.").

## Analysis

Plaintiff has not met his high burden to justify sanctions under Federal Rule of Civil Procedure 37 or the Court's inherent power. Rule 37 does not authorize sanctions in this instance because Defendants have not violated any court order to provide or permit discovery. *See* FED. R. CIV. P. 37(b)(2)(A). In fact, the Court granted Defendants' request for a protective order from providing the electronic McHunter files in discovery. *See* Dkt. No. 151 at 15.

Plaintiff also has not established that Defendants conducted themselves in bad faith in order to invoke the Court's inherent power to sanction. *See Chambers*, 501 U.S. at 45-46. Hale's testimony reflects, rather, that he endeavored to preserve the McHunter files – and all other files relating to this litigation – by replacing his malfunctioning computer and transferring the files to a replacement computer.

Further, Plaintiff has not shown that Defendants altered the McHunter files in bad faith. Although Plaintiff alleges that Hale altered the McHunter files to support Defendants' claims, *see* Dkt. No. 154 at 9, the evidence submitted reflects that Defendants produced redacted versions of the McHunter files that could support Plaintiff's position, *see* Dkt. No. 164-2 at 8. If Defendants altered evidence in bad faith, there is no reason, on this record, to believe that they would not have altered it in a manner that could support Plaintiff's cause of action. For these reasons, Plaintiff has not established that Defendants destroyed or altered the McHunter files in bad faith.

Plaintiff' also does not establish that Defendant Hale breached any duty to preserve the McHunter files. First, he has not shown that Defendants materially altered the McHunter files. The evidence shows only that Hale added chronological notes in accordance with his customary business practices. The evidence does not support a finding that Hale's additions rise to the level of material alterations because there is no evidence that any individual note was actually changed. And Plaintiff presents no evidence – beyond his reiteration that a computer was destroyed – that Defendants destroyed the electronic McHunter files. For his part, Hale insists that he preserved the McHunter files on a replacement computer. Plaintiff's speculative and generalized assertions that the electronic McHunter files were destroyed are insufficient to justify sanctions. *See Rimkus*, 688 F. Supp. 2d at 616.

Even if Plaintiff could show that Defendants failed to preserve the electronic McHunter files, Plaintiff has not shown that he would be prejudiced by the electronic McHunter files' destruction. The Court has already ruled that Plaintiff cannot compel

-8-

production of the electronic McHunter files to present his case. *See* Dkt. No. 151 at 15-16. Plaintiff's current argument – that lack of access to these files irreparably prejudices him – does not account for the Court's previous ruling, which Plaintiff has not challenged.

Regarding Hale's old computer, Plaintiff has not established that he is prejudiced by its "destruction" or replacement. Plaintiff's submissions are devoid of evidence that even suggests that the computer, by itself, impacts Plaintiff's ability to present his case. Though some files on the computer are relevant to this matter, Hale apparently preserved those files on his replacement computer. The only files that Hale may not have preserved are the internet search files. *See* Dkt. No. 163 at 2 (quoting Hale's Dep. at 41:11-43:1). Plaintiff alleges that the possible destruction of these search files would prevent him from gathering information "as to claims related to [Hale's] internet and background search practices related to employment candidates, and other items kept in temporary Internet or Windows system cache files." Dkt. No. 154 at 9. But Plaintiff does not contend that he requested these files in discovery. Because the discovery deadline has passed, *see* Dkt. No. 34, Plaintiff cannot show that the internet search files' possible destruction would impact his ability to present his case.

## Conclusion

For the reasons explained above, Plaintiff's Motion for Discovery Sanctions (as to Spoliation) Against Defendants Keith Hale and Insurance Search Group [Dkt. No. 154] is DENIED.

SO ORDERED.

DATED: May 6, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE