IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2433-L-BN |
| | § | |
| KEITH HALE, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate
judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order
of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 19.
Plaintiff Jason Lee Nieman, proceeding *pro se*, filed a Motion for Summary
Judgment against Defendants Keith Hale ("Hale") and Insurance Search Group
("ISG") (collectively, "Defendants"). *See* Dkt. No. 164. Defendants, also proceeding
*pro se*, filed their own Motion for Summary Judgment. *See* Dkt. No 166.

After a careful review of the Parties' cross-motions for summary judgment,
the respective responses, *see* Dkt. Nos. 169 & 172, replies, *see* Dkt. Nos. 173 & 174,
other submissions, and evidence in the record, the undersigned recommends that
the Court deny both Plaintiff's and Defendants' motions for summary judgment.

**Background**

Plaintiff and Defendants have a contentious history that predates this
lawsuit. Defendant Hale is a professional insurance employment recruiter and does

business as Defendant ISG. *See* Dkt. No. 35, ¶ 9; Dkt. No. 122 at 3. Defendants are intermediaries between applicants and prospective employers. Defendants previously submitted Plaintiff for a position at RLI Corporation ("RLI") in Peoria, Illinois, in February or March of 2011. *See* Dkt. No. 35, ¶ 11. Plaintiff also contacted RLI directly to schedule an interview on his own. *See* Dkt. No. 125 at 2, ¶¶ 2-3. Nevertheless, Defendants continued representing Plaintiff throughout his RLI application process. *See* Dkt. No. 172 at 15. Plaintiff interviewed with RLI but was ultimately not selected for the position for which he applied. *See id*. Defendants have not represented Plaintiff after RLI's decision. *See* Dkt. No. 166 at 9, ¶ 15.

Plaintiff and Defendants' professional relationship substantially deteriorated after RLI passed on Plaintiff's application. On August 30, 2011, Plaintiff sued RLI and Defendants for discrimination and retaliation under the Illinois Human Rights Act ("IHRA") in Sangamon, County, Illinois (the "RLI Litigation"). *See Neiman v. RLI,* 1:12-cv-1012 (C.D. Ill.) [Dkt. No. 1, ¶ 1]. On December 12, 2011, Plaintiff amended his complaint in the RLI Litigation to include discrimination and retaliation claims under Title VII. *See id*. at ¶ 5. In the RLI Litigation, Plaintiff alleged that he was not selected by RLI because of his involvement in a Title VII case styled as *Nieman v. Nationwide* (the "Nationwide Litigation"). *See* Dkt. No. 35 at ¶¶ 12, 15.

Sometime around March 2012, Plaintiff applied for a commercial claims director position in Dallas, Texas through another recruiter named Paul Neir. *See* Dkt. No. 101; Ex. 1, ¶ 6; Dkt. No. 122 at 6. On March 22, 2012, Plaintiff also applied

for a commercial claims director position in Dallas, Texas through Defendants despite the fact that he "lacked faith in Hale's actions, advocacy skills, and/or credibility." Dkt. No. 35, ¶¶ 13-17; Dkt. No. 125 at 2. In his recruiting notes, Hale wrote that Plaintiff's submission had "[i]nteresting timing with recent events in the RLI case. Ignore." Dkt. No. 164-2 at 8; Dkt. No. 169 at 18. Defendants did not submit Plaintiff's application to Republic. Hale later wrote that he would no longer work with Plaintiff because he is litigious and "circumvented [Hale's] participation in the recruiting process, essentially representing himself." Dkt. No. 164-2 at 19; Dkt. No. 169 at 24.

Unbeknownst to Plaintiff at the time, Neir and Hale were working in concert to fill the same commercial claims director position in Dallas for the Republic Group ("Republic"). *See* Dkt. No. 164-2 at 2; Dkt. No. 166 at 5, ¶ 9. Though Neir and Hale were working in concert, they never spoke – negatively or otherwise – about Plaintiff or his application. *See* Dkt. No. 169 at 3 ("Hale never informed Neir (or Republic) of his actions against Neiman."). And Neir sent Plaintiff's application to Republic for consideration. *See* Dkt. No. 164-2 at 12.

On August 2, 2013, in this case, Plaintiff filed his verified Second Amended Complaint at Law ("Verified Complaint") against Defendants asserting claims under Title VII, the Texas Commission on Human Rights Act ("TCHRA"), and the IHRA. *See* Dkt. No. 35. In his Verified Complaint, Plaintiff alleges that Defendants failed to submit his application to the position for which he applied in retaliation for Plaintiff's role in the Nationwide Litigation and RLI Litigation. *See* Dkt. No. 35, ¶

18. Plaintiff also alleges that Hale "improperly communicated information about the Plaintiff's protected conduct to other recruiters" to illegally blacklist him from other employment opportunities. *Id.*, ¶ 28. Neir is the only other recruiter referenced in this matter. Plaintiff further claims that Defendants retaliated against him by filing a Supplemental Motion for Sanctions in the RLI Litigation. *See id.*, ¶ 28.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its

-4-

pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent that such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in the nonmoving party's favor – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"*Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the nonmoving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue

for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*,780 F.2d 1190, 1194 (5th Cir. 1986). The"beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again,

"draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

On cross-motions for summary judgment, the Court reviews each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party. *See Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001); *Jonathan C. v. Hawkins*, No. 9:05-cv-43, 2006 WL 3498494, at *5 (E.D. Tex. Dec. 5. 2006).

"A plaintiff's ultimate burden in the retaliation context is to prove that but-for the [employment agency's] improper retaliatory motive, the allegedly retaliatory employment action would not have occurred. A plaintiff can discharge this burden by presenting direct evidence of retaliation or by presenting circumstantial evidence of retaliation. Direct evidence is evidence which, if believed, proves the fact without inference or presumption. Because direct evidence is rare, a plaintiff ordinarily uses circumstantial evidence, which is analyzed under the familiar *McDonnell Douglas Corp. v. Green* framework." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 547 F. App'x 484, 488 (5th Cir. 2013) (internal quotation marks and footnotes omitted).

In the absence of direct evidence of retaliation, "[t]o establish a prima facie case of retaliation, the plaintiff must establish that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57

(5th Cir. 2007); *see also* Dkt. No. 7 at 5-6; *id.* at 6-7 ("A *prima facie* case of retaliation under both Title VII and the TCHRA requires that the plaintiff demonstrate the same factors. Additionally, because the TCHRA effectuates federal legislation, Texas courts look to federal precedent when interpreting the statute. Likewise, the necessary elements for retaliation claims under Title VII and the [Illinois Human Rights Act] are the same." (citations omitted)); *Davis v. Metropolitan Pier & Exposition Auth.*, No. 11 C 9018, 2012 WL 2576356, at *8 (N.D. Ill. July 3, 2012) ("The Illinois Supreme Court has held that in evaluating claims of discrimination and retaliation brought under the [IHRA], courts should apply the test employed by federal courts in evaluating causes of action brought pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*"). "Summary judgment is appropriate if the plaintiff cannot support all three elements" by establishing at least a genuine dispute of material fact as to each. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009).

As to the first element of a *prima facie* case, a protected activity under Title VII includes (1) opposition to any practice rendered unlawful by Title VII and (2) participation in an investigation, proceeding, or hearing under Title VII or making a charge, testifying, or assisting in such activity. *See Davis v. Dallas Indep. Sch. Dist.,* 448 F. App'x 485, 492 (5th Cir. 2011).

As to the second element, in *Burlington Northern & Santa Fe Ry. Co. v. White*, the United States Supreme Court held that, because the discrimination and

retaliation provisions of Title VII have different statutory language and different purposes, "the antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." 548 U.S. 53, 64 (2006). The Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (internal quotation marks and citation omitted). In so ruling, the Court rejected Fifth Circuit authority, *see id.* at 67, which defined adverse employment actions as "ultimate employment decisions" and limited actionable retaliatory conduct to acts "such as hiring, granting leave, discharging, promoting, and compensating," *id.* at 61 (internal quotation marks omitted).

In evaluating whether actions are materially adverse, the Supreme Court held that "petty slights, minor annoyances, and simple lack of good manners will not" deter or dissuade a reasonable employee from making or supporting a charge of discrimination, and therefore they do not constitute conduct that is "materially adverse." *Id.* at 68. "The test enunciated by the Supreme Court is better understood as follows: whether the conduct by an employer would have a chilling or discouraging effect on a reasonable person's decision to file or support a claim of discrimination." *Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-cv-3076-L, 2014 WL 1661211, at *3 (N.D. Tex. Apr. 25, 2014), *aff'd*, ___ F. App'x ____, No. 14-10609, 2015 WL 469014 (5th Cir. Feb. 5, 2015).

As to the third element of a *prima facie* case, "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e-2(m). In order to show that retaliation was the 'but-for' reason for [an adverse employment action], [Plaintiff] would have to show that [a defendant] was aware of [his] involvement in the protected activity. [The Fifth Circuit] has held that [i]f an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." *Medlock v. Ace Cash Exp., Inc.*, 589 F. App'x 707, 710 (5th Cir. 2014) (internal quotation marks and footnotes omitted).

The establishment of a *prima facie* case gives rise to an inference of retaliation. *See Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001). This inference, in turn, shifts the burden of production to the defendant, who must then articulate a legitimate, nonretaliatory reason for the challenged employment action. *See McCoy*, 492 F.3d at 557. Once a defendant articulates such a reason, the inference of discrimination or retaliation raised by the prima facie showing drops from the case. *See Montemayor*, 276 F.3d at 692.

At that juncture, the plaintiff bears the burden of establishing that the employer's stated reason is a pretext for the real retaliatory purpose. *See McCoy*, 492 F.3d at 557. A Title VII retaliation claim's but-for causation requirement "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med.*

-10-

*Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). That is, if Defendants meet their production burden, the burden shifts back to Plaintiff to produce evidence that would enable a reasonable jury to find that retaliation for Plaintiff's protected conduct, rather than Defendants' proffered legitimate, nonretaliatory reason, was the "but-for cause" of the adverse employment action. *See Andrews v. Schneider Logistics, Inc.*, No. 3:13-cv-2160-D, 2014 WL 6460010, at *9 (N.D. Tex. Nov. 18, 2014). In order to avoid summary judgment, Plaintiff must show a conflict in substantial evidence on the question of whether Defendants would not have taken the action but for the protected activity. *See id.* If Plaintiff fails to prove, or at least raise a genuine dispute of material fact, that Defendants' real reason is a pretext for their allegedly retaliatory conduct, Defendants are entitled to summary judgment. *See McCoy*, 492 F.3d at 561-62.

## Analysis

Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion")

Genuine disputes of material fact preclude summary judgment in favor of Plaintiff on his claims against Defendants. To obtain summary judgment in his favor, Plaintiff must establish all elements of his claim beyond preadventure. *See Fontenot*, 780 F.2d at 1194. Plaintiff has not sufficiently shown beyond peradventure that he engaged in a protected activity, that he suffered an adverse employment action, or that a causal connection exists between his protected activity and the adverse employment action, especially when all reasonable inferences are drawn in Defendants' favor on Plaintiff's summary judgment motion. *See, e.g.*,

*Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)*; see also Chaplin*, 307 F.3d at 372.

Plaintiff has not met is heavy burden to establish beyond preadventure that he engaged in a protected activity. Plaintiff equivocates on which lawsuit – the Nationwide Litigation or the RLI Litigation – constitutes the protected activity on which his claim is based, *see* Dkt. No. 35 at 17, but both suits assert discrimination and retaliation claims and therefore qualify as protected activities, *see Davis,* 448 F. App'x at 492 (participation in a proceeding under Title VII constitutes a protected activity). Yet, on Plaintiff's motion, the Court must view all facts and draw all reasonable inferences in the light most favorable to Defendants, who respond that Plaintiff has not submitted proper documentation that would show that the Nationwide Litigation is a protected activity. *See* Dkt. No. 172 at 17. While this argument does not preclude Plaintiff's showing that he engaged in a protected activity, and the Nationwide Litigation was apparently filed in court and thus is a matter of public record, Defendants' argument does preclude the undersigned from concluding that Plaintiff has met his heavy burden to show that he is entitled to judgment in his favor. Defendants also argue that the RLI Litigation does not constitute a protected activity because the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights determined that Plaintiff's discrimination claims lacked evidence. *See* Dkt. No. 172 at 17. This argument fails because an agency's evidentiary determination has no bearing on whether a Title VII suit is a protected activity. *See Davis*, 448 F. App'x at 492-93

(listing the requirements of activities protected by Title VII). But, in light of the lack of clarity as to which matter is the protected activity of which Plaintiff complains and as to the evidence supporting this element, Plaintiff has not established this element of his claim beyond peradventure.

Plaintiff also has not sufficiently established that he suffered an adverse employment action to warrant judgment in his favor. Plaintiff alleges that Defendants retaliated against him by (1) not submitting his March 22, 2012 application to Republic; (2) improperly discussing his protected activities with other recruiters; and (3) filing a sanctions motion in the RLI Litigation. *See* Dkt. No. 35, ¶¶ 18 and 28. Though the allegations in Plaintiff's Verified Complaint constitute summary judgment evidence, Plaintiff now concedes that Hale never discussed his protected activities with Neir. *See* Dkt. No. 169 at 3 ("Plaintiff's decision not to act on the leave to amend ... was based upon the admissions by Hale and Neir that Hale never informed Neir (or Republic) of his actions against Neiman"). Further, Plaintiff does not allege that Hale discussed his protected activities with any recruiter other than Neir. *See generally* Dkt. Nos. 35, 164, & 173.

Plaintiff likewise has not sufficiently established that he suffered an adverse employment action to warrant judgment in his favor on his allegation regarding Defendants' Supplemental Motion for Sanctions. As a general matter, sanctions motions do not constitute adverse employment actions. In fact, a court within the Seventh Circuit has already dismissed as a matter of law Plaintiff's claims based on similar conduct alleged against a different defendant. *See Nieman v. Grange*

-13-

*Mutual Ins. Co.*, No. 12-cv-3250, 2013 WL 173466 (C.D. Ill. Jan. 16, 2013). Citing *McMenzie v. Illinois Dept. Of Transp.*, 92 F.3d 473 (7th Cir. 1996), and *Steffes v. Stepan Co.*, 144 F.3d 1070 (7th Cir. 1998), the court concluded that the filing of a motion for sanctions and objections to discovery did not constitute retaliatory acts and were "obviously litigation tactics." *Id.* at *3. Although the United States Court of Appeals for the Seventh Circuit acknowledged in *Steffes* that, in certain rare cases, actions taken during the course of litigation could constitute prohibited retaliation, in this case, Plaintiff offers no evidence as to why Defendants' actions are more than ordinary litigation tactics better left to the supervision of judges through the Federal Rules of Civil Procedure than the basis of a retaliation claim. *See Steffes*, 144 F.3d at 17-19 ("[W]e have emphasized that litigation tactics subject to supervision by the court cannot constitute independent grounds of liability.").

Plaintiff also alleges as an adverse employment action that Defendants failed to submit his March 22, 2012 application to Republic. Under *Burlington*, Plaintiff must show that a reasonable applicant would have found Defendants' conduct so materially adverse that it "well might have dissuaded that applicant from making or supporting a charge of discrimination." 548 U.S. at 54 (internal quotation marks omitted). In his Verified Complaint, Plaintiff alleges that Defendants' conduct could "cause a chilling effect as to an employ and/or applicant's willingness to take part in good faith protected conduct." Dkt. No. 35 at 15, ¶ 29. But this evidence does not meet the "beyond preadventure" requirement that would warrant summary

judgment in Plaintiff's favor, particularly when the Court draws all reasonable inferences in Defendants' favor. Defendants argue that their decision not to submit Plaintiff's application did not, in fact, dissuade Plaintiff from making subsequent charges of discrimination. *See* Dkt. No. 172 at 8. Courts have held that conduct may not constitute an adverse employment action when it does not, in fact, dissuade a plaintiff from asserting discrimination or retaliation claims. *See Dehart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007) (determining that a written warning did not constitute an adverse employment action where plaintiff filed a discrimination charge after receiving the warning); *see also Cole v. Pearland Independent School Dist.*, No. 4:11-cv-211, 2013 WL 4494423, at *12 (S.D. Tex. Mar. 21, 2013) (holding that write-ups did not constitute adverse employment actions, "especially where the plaintiff has a history of filing complaints even after she had been given write-ups"). On this record, a reasonable jury could find that Plaintiff did not experience an adverse employment action, and Plaintiff has failed to meet his heavy burden to show that there are no genuine disputes of material fact as to this element.

Even if Plaintiff had sufficiently established beyond peradventure the first and second elements of his *prima facie* case, genuine factual disputes regarding the existence of a causal connection between his protected activities and any alleged adverse employment action would preclude summary judgment in Plaintiff's favor. To the extent that Defendants' failure or refusal to submit Plaintiff's application is

an adverse employment action, it is undisputed that Defendants were aware of the Nationwide and RLI Litigations prior to Plaintiff's March 22, 2012 submission. *See* Dkt. No. 172 at 5 ("Hale became aware of Nieman's ostensible 'protected activity' on March 25, 2011"); Dkt. No. 164-2 at 8; Dkt. No. 169 at 18 (Hale referenced the RLI Litigation in his recruiting notes).

But the summary judgment evidence does not establish beyond preadventure that the Nationwide and RLI Litigations were the but-for cause of Defendants' alleged conduct. In his recruiting notes, Hale wrote that Plaintiff's submission has "interesting timing with recent events in RLI case. Ignore." Dkt. No. 164-2 at 8. Hale also wrote an email stating that "[o]ur friend sues if I represent him, or in the instance where I do not represent him" and that "[t]he ... points above, clearly demonstrate that I am best served by not representing him to my clients." Dkt. No. 164-2 at 19, 34; Dkt. No. 173 at 8-9. The recruiting notes do not explicitly state that Hale ignored Plaintiff's application because of the RLI litigation. Further, the email does not specifically mention the Nationwide Litigation or the RLI Litigation. Whether this evidence is considered direct or circumstantial as to causation, drawing all inferences in Defendants' favor, a reasonable juror could infer that Plaintiff's protected activities were not the but-for cause of Defendants' decision to not submit Plaintiff's application, and Plaintiff has not met his heavy burden to establish that there are no genuine and material fact disputes as to this element.

Despite the fact that he has not established his *prima facie* case beyond

peradventure, Plaintiff alleges that Defendants have no proof or facts to show that Defendants had a "legitimate, non-discriminatory, and non-retaliatory reason" for not submitting Plaintiff's application. *See* Dkt. No. 164-2 at 21; *see McCoy*, 492 F.3d 551, 557. But the record and pleadings show that Defendants have satisfied their burden of production on this issue. Evidence shows that Plaintiff did not follow Defendants' protocol when he arranged his own interview with RLI. *See* Dkt. No. 172 at 14; Dkt. No. 173 at 9. Further, the pleadings make it abundantly clear that Hale and Plaintiff had low estimations of each other prior to Plaintiff's March 22, 2012 application. *See* Dkt. No. 35, ¶¶ 13-17. Legitimate, non-retaliatory reasons could explain why Defendants did not represent Plaintiff to Republic and preclude summary judgment in Plaintiff's favor.

<u>Defendants' Motion for Summary Judgment ("Defendants' Motion")</u>

Genuine dispute of material fact also preclude summary judgment in Defendants' favor. Defendants seek summary judgment on Plaintiff's retaliation claim and argue that Plaintiff has not established his involvement in a protected activity because he mismatched his EEOC charge number and failed to accurately coordinate his exhibits to his Verified Complaint. *See* Dkt. No. 166 at 8, ¶ 12. But Plaintiff's allegations and attachments to his Verified Complaint are sufficient to at least create a genuine dispute of material fact as to the protected activity element of his claim, where the Court views all facts, draws all reasonable inferences, and resolves all disputed factual controversies in Plaintiff's favor for purposes of

Defendants' motion.

Defendants also assert that the evidence does not show that Plaintiff suffered an adverse employment action – specifically, the alleged adverse employment action of not submitting Plaintiff's March 22, 2012 application to Republic. *See* Dkt. No. 166 at 7, ¶ 11. Defendants opine that a reasonable applicant would not want a recruiter whom the applicant considered to be ignorant and unprofessional to represent him. *See id.* at 11, ¶ 21 ("Why would Nieman want Defendant Hale/ISHG to represent him, when Nieman held such a low opinion of Defendants. At best, if true, Nieman would lack good judgment.").

But a plaintiff need not enjoy working with his employer or employment agency to establish that he suffered an adverse employment action. *See Burlington*, 548 U.S. at 68-69. In fact, it seems fair to expect that at least some, if not many, Title VII plaintiffs have less than harmonious relationships with their employers or former employers. Consequently, a reasonable jury could find that an applicant such as Plaintiff suffered an adverse employment action by a recruiter's refusal to refer him to a job opportunity even if the applicant does not hold the recruiter in high esteem. The undersigned concludes that Plaintiff has shown at least a genuine dispute of material fact as to this element of his claim on his allegation of Defendants' failing to submit his application. And Defendants have failed to sufficiently brief Plaintiff's other two allegations of adverse employment actions. *See* Dkt. No. 166 at 2, 5-6; *accord Petrie v. City of Grapevine*, 904 F. Supp. 2d 569,

585 (N.D. Tex. 2012) ("Defendants have not fully briefed the issue of causation, and the Court finds that they have not definitively disproven it as a matter of law."), *aff'd*, 546 F. App'x 466 (5th Cir. 2013); *Stroud v. Meister*, No. 3:97-cv-860-L., 2001 WL 282764, at *7 n.9 (N.D. Tex. Mar. 16, 2001) ("Because Feltus did not raise this issue in his motion for summary judgment and the issue was not fully briefed, however, the court declines to consider this issue.").

Defendants also note that their conduct has not dissuaded Plaintiff from lodging discrimination claims. *See* Dkt. No. 174 at 8(c). As noted above, courts have held that conduct may not constitute an adverse employment action when it does not, in fact, dissuade a plaintiff from asserting discrimination or retaliation claims. *See Dehart*, 214 F. App'x at 442. But the *Burlington* standard is objective, such that the Court should look to what might dissuade a reasonable applicant from filing a discrimination claim, not what has specifically dissuaded Plaintiff. *See Burlington*, 548 U.S. at 68-69 ("An objective standard ... avoids the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings."). Utilizing the objective *Burlington* standard and drawing all reasonable inferences in Plaintiff's favor, the undersigned concludes that a reasonable jury could find that, notwithstanding what Plaintiff did or did not do, a reasonable applicant could be dissuaded from lodging a discrimination or retaliation claim if he knew that a recruiter would not submit him to a job opportunity on that basis. *See* Dkt. No. 35 at 15, ¶29.

19

Insofar as Defendants seek summary judgment on the but-for causation element, Plaintiff has demonstrated at least a genuine dispute of material fact as to this element of his claim as well. While the evidence discussed above of Hale's recruiting notes and email does not suffice to meet Plaintiff's heavy burden to establish that there are no genuine and material fact disputes as to this element to grant judgment in his favor on his claim, that evidence is sufficient, on Defendants' motion, to establish a genuine dispute of material fact to avoid summary judgment against Plaintiff.

And, where Plaintiff has shown at least a genuine dispute of material fact as to each element of his *prima facie* case and Defendants have produced a legitimate, nonretaliatory reason, Plaintiff has also shown at least a genuine dispute of material fact, through this same evidence of Hale's recruiting notes and email, on the matter of pretext. That evidence is, sufficient to enable a reasonable jury to find that retaliation for Plaintiff's alleged protected conduct, rather than Defendants' proffered legitimate, nonretaliatory reason, was the "but-for cause" of the adverse employment action.

Defendants also argue that Plaintiff was not harmed by their failure to submit him to Republic because he was eventually able to interview for the same job through Neir. *See* Dkt. No. 166 at 7, ¶ 11. But Plaintiff – who seeks, among other relief, an injunction and punitive damages – responds that Neir's intervention should not mitigate Defendants' retaliatory intent. *See* Dkt. No. 35 at 19-20; Dkt.

No. 169 at 16. And actual damages or – beyond what is required to show an adverse employment action – injury is not an essential element of a retaliation claim. *See, e.g.*, *Benton v. U.S. E.P.A.*, Nos. 3:06-cv-1591-D & 3:07-cv-144-D, 2014 WL 2862309, at *8 (N.D. Tex. June 24, 2014) ("A plaintiff who establishes a violation of Title VII but fails to prove emotional distress or other actual damages can recover nominal damages.") (citing cases). And, resolving all factual disputes and drawing all inferences in Plaintiff's favor and considering *Burlington*'s objective standard, a reasonable jury could find that a reasonable applicant would find a recruiter's refusal to submit him to a job to be materially adverse even though – in this particular case – Neir's conduct may have reduced the harm to Plaintiff.

## Recommendation

The Court should deny Plaintiff's Motions for Summary Judgment [Dkt. No. 164] and Defendants' Motion for Summary Judgment [Dkt. No. 166].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 8, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

22