IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON LEE NIEMAN**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2433-L** |
| | § | |
| **KEITH HALE, INSURANCE SEARCH** | § | |
| **GROUP, and JOHN DOE** | § | |
| **CORPORATION**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

In light of the quickly approaching trial date, the court issues this memorandum opinion and order to address a number of outstanding matters in this case, which was referred for pretrial management to Magistrate Judge David L. Horan. The court also **vacates** the order of reference (Doc. 19) entered in this case.

### I.   Pending Motions and Objections

On May 6, 2015, the magistrate judge entered an order (Doc. 178) denying Plaintiff's Motion for Discovery Sanctions against Defendants (Doc. 154). On May 8, 2015, the magistrate judge also entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court: deny Plaintiff's Motion for Summary Judgment (Doc. 164), filed October 29, 2014; and deny Defendants' Motion for Summary Judgment (Doc. 166), filed October 30, 2014, by Defendants Keith Hale ("Hale") and Insurance Search Group ("ISG") (collectively, "Defendants"). Plaintiff Jason Lee Nieman ("Plaintiff") and Defendants both filed objections to the Report (Docs. 180, 183). Plaintiff also filed a motion (Doc. 181) seeking review

of the magistrate judge's order (Doc. 178), which the court construes as objections to the magistrate judge's denial of Plaintiff's Motion for Discovery Sanctions against Defendants.

Having reviewed the motions, evidence, pleadings, file, objections, record, Report, and the order denying Plaintiff's Motion for Discovery Sanctions against Defendants, the court determines that the magistrate judge's findings and conclusions regarding the parties' summary judgment motions are correct, and **accepts** them as those of the court. The court further determines that the magistrate judge's denial of Plaintiff's Motion for Discovery Sanctions against Defendants, a nondispositive motion, is not clearly erroneous or contrary to law. Accordingly, the court **denies** Plaintiff's Motion for Summary Judgment (Doc. 164); **denies** Defendants' Motion for Summary Judgment (Doc. 166); **overrules** the parties' objections to the Report; and **overrules** Plaintiff's objections to the magistrate judge's order denying his Motion for Discovery Sanctions against Defendants.

Remaining for trial are Plaintiff's claims against Defendants Hale, ISG, and John Doe Corporation for retaliation under Title VII, the Texas Commission on Human Rights Act ("TCHRA"), and the Illinois Human Rights Act ("IHRA"). In his Second Amended Complaint ("Complaint"), Plaintiff's live pleading, Plaintiff asserts that John Doe Corporation is vicariously liable for Hale's and ISG's allegedly retaliatory conduct, although Plaintiff has never served John Doe Corporation, and, therefore, the court has no personal jurisdiction over this Defendant.

## II.     Court's Sua Sponte Motion to Dismiss Plaintiff's IHRA Claim

Although not addressed in the parties' summary judgment motions, the court believes that Plaintiff's IHRA claim against Hale, ISG, and John Doe Corporation should be dismissed and *sua sponte* **moves** to dismiss this claim. In his Complaint, Plaintiff alleges that he satisfied his

exhaustion requirements under the IHRA by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and obtaining a right-to-sue letter from the EEOC.

The Illinois Department of Human Rights ("IDHR") has exclusive jurisdiction over all claims arising under the IHRA. *Talley v. Washington Inventory Serv.*, 37 F.3d 310, 311 (7th Cir. 1994). Courts cannot entertain IHRA claims directly and can only review a final order of the Illinois Human Rights Commission ("IHRC"). *See Garcia v. Village of Mount Prospect*, 360 F.3d 630, 640 & n.10 (7th Cir. 2004); *Cavalieri-Conway v. L. Butterman & Assocs.*, 992 F. Supp. 995, 1009 (N.D. Ill. 1998) (concluding that the court lacked jurisdiction over the plaintiff's IHRA claim because "A federal district court may exercise jurisdiction only to review the IDHR's actions," and "Cavalieri–Conway does not request that the court review the IDHR's decision."), *aff'd*, 172 F.3d 52 (7th Cir.), *cert. denied*, 528 U.S. 847 (1999). Thus, judicial review is only available under the IHRA after the IHRC has issued a final order on a complaint. *Talley*, 37 F.3d at 312-13.

Further, while the IDHR has consented to receive charges of employment discrimination on behalf of the EEOC, "a litigant's duty to exhaust administrative remedies under the IHRA is not discharged merely [by] obtaining a right-to-sue letter from the EEOC," which is all that Plaintiff alleges in his Complaint. *Curtis v. Union Pac. R.R. Co.*, No. 11-463-GPM, 2011 WL 4404066, at *3 (S.D. Ill., Sept. 21, 2011). Moreover, Plaintiff does not seek review of an IDHR decision. The court therefore believes that Plaintiff's IHRA claim against Defendants Hale, ISG, and John Doe Corporation is subject to dismissal without prejudice for failure to exhaust administrative remedies and lack of jurisdiction.[*]

---

[*] Dismissal of all claims against John Doe Corporation is also appropriate for another reason. As previously noted, this Defendant was never served during the three years that this case has been pending, although Plaintiff acknowledged in various filings that he had identified this Defendant as "Republic Group." Moreover, after being

**Order – Page 3**

**III.     Defendant ISG's Pro Se Status**

Hale operates ISG as a sole proprietorship. Hale and ISG were previously represented by the same counsel. On December 26, 2013, the magistrate judge allowed Hale and ISG's counsel to withdraw from representing them in this case. While Hale may proceed pro se and represent himself, Defendant ISG cannot represent itself, and Hale cannot represent ISG unless he is an attorney licensed to practice law. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("As the courts have recognized, the rationale for th[e] rule [that a corporation may appear in the federal courts only through licensed counsel] **applies equally to all artificial entities**.") (emphasis added). Accordingly, given the age of this case, the July 7, 2015 pretrial materials deadline, and fast-approaching trial setting, ISG must retain counsel by **June 16, 2015**, to avoid delaying the trial of this case, which is set for August 2015. *ISG's failure to retain counsel by June 16, 2015, will result in a default judgment against it.* If Plaintiff and Hale elect to represent themselves moving forward, they must understand that their decision to proceed pro se will not entitle them to any greater rights than a party represented by counsel. Both will be required to read and follow the local civil rules of this court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. L.R. 83.14.

---

granted leave to file a third amended complaint to formally add Republic Group as a party, Plaintiff advised the magistrate judge during a telephonic hearing that he no longer intended to proceed with his claims against John Doe Corporation or Republic Group. Subsequently, on April 2, 2014, the magistrate judge ordered that "[t]his case will therefore proceed on Plaintiff's Second Amended Complaint at Law." Although Plaintiff never filed a motion to dismiss his claims against John Doe Corporation, the court concludes, based on the foregoing, that Plaintiff has abandoned his claims against John Doe Corporation. Accordingly, the court **dismisses without prejudice** all claims against Defendant John Doe Corporation (Count II).

IV.   **Conclusion**

For the reasons stated, the court **vacates** the order of reference in this case (Doc. 19), **accepts** the magistrate judge's findings and conclusions as to the parties' summary judgment motions, and **concludes** that the magistrate judge's denial of Plaintiff's Motion for Discovery Sanctions against Defendants is not clearly erroneous or contrary to law.  Accordingly, the court **denies** Plaintiff's Motion for Summary Judgment (Doc. 164); **denies** Defendants' Motion for Summary Judgment (Doc. 166), **overrules** the parties' objections to the Report; and **overrules** Plaintiff's objections to the magistrate judge's order denying his Motion for Discovery Sanctions against Defendants.

Further, the court concludes that Plaintiff has abandoned his claims against John Doe Corporation and **dismisses without prejudice** all claims by Plaintiff against John Doe Corporation for alleged employment law violations under Title VII, the TCHRA, and the IHRA, whether based on direct or vicarious liability theories.

The court also **moves** *sua sponte* to dismiss without prejudice Plaintiff's IHRA claim. Plaintiff **shall** file a response to the court's *sua sponte* motion by **June 17, 2015.**  *Failure to do so will result in dismissal without prejudice of Plaintiff's IHRA claim without further notice.* Defendants shall not file a reply to the court's *sua sponte* motion unless requested by the court to do so.

Additionally, the court **orders** ISG to retain counsel by **June 17, 2015**; *ISG's failure to do so will result in a default judgment against it with respect to any claims not dismissed by the court. Given the age of this case, no extensions to the deadlines set forth in this order will be granted absent exceptional circumstances and good cause shown.*

**It is so ordered** this 3rd day of June, 2015.

                                            Sam A. Lindsay
                                            United States District Judge