IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON LEE NIEMAN**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2433-L** |
| | § | |
| **KEITH HALE, INSURANCE SEARCH GROUP, and JOHN DOE CORPORATION**, | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

After entering a scheduling order on April 9, 2015, setting this case for trial on the court's four-week docket beginning August 3, 2015, Plaintiff, who is proceeding pro se, filed his Response Regarding Potential Conflicts with Trial Window (Doc. 176). In his Response, Plaintiff expressed confusion as to why the case was set for trial given that two summary judgment motions and a motion for sanctions are pending. Plaintiff also requests that he be allowed to attend the July 30, 2015 pretrial conference by telephone or video because of his job restraints and difficulty in traveling to Dallas, Texas, from Springfield, Illinois, where he resides. In addition, Plaintiff notes that he will be the sole caregiver for his two children from Tuesday, August 11, 2015, through Monday, August 17, 2015, because of his "wife's schedule and previously scheduled fitness convention out of state related to that event, and her part time vocation." Pl.'s Resp. 3-4.

The parties' summary judgment motions Plaintiff's objections to the magistrate judge's denial of his motion for sanctions have been resolved, and the only remaining dispositive motion is the court's *sua sponte* motion to dismiss certain of Plaintiff's claims. Resolution of this motion, however, will not delay the trial of this case. Plaintiff and Defendants must appear in person for the

pretrial conference. Normally, parties who are represented by counsel are not required to attend the pretrial conference because all pretrial matters, including issues pertaining to trial exhibits, are handled by their attorneys. In this case, however, Plaintiff and Defendants Hale and ISG are proceeding pro se. The parties must therefore attend the pretrial conference in person.[*] Accordingly, Plaintiff's request to attend the pretrial conference by telephone or video is **denied.**

Regarding the trial of this case and Plaintiff's noted conflict, this case was filed July 19, 2012, and will soon be three years old. As this case will be three years old in July 2015, it must be tried before the end of September 2015 or it will be considered "old' for statistical purposes and included on a national report of "old" cases. Moreover, this case has been extremely contentious and acrimonious. The court has been extremely patient with the parties, and it is now time to resolve this action. While the court is sympathetic to Plaintiff's situation and makes an effort to accommodate the parties when possible, the court cannot always arrange its busy civil and criminal docket around the parties' personal schedules. *Accordingly, unless otherwise ordered by the court, this case will be tried in August 2015 on a date to be determined at the pretrial conference, and the inability of either party to proceed to trial in August 2015, or another date set by the court, will result in dismissal of Plaintiffs' claims for failure to prosecute or a default judgment against Defendants.*

**It is so ordered** this 3rd day of June, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] The court recently entered an order requiring ISG to retain counsel by June 17, 2015. If ISG retains counsel as required by the court, it need not attend the pretrial conference, as it will be represented by counsel who will attend on its behalf.

**Order – Page 2**