IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON LEE NIEMAN**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2433-L** |
| | § | |
| **KEITH HALE, INSURANCE SEARCH GROUP, and JOHN DOE CORPORATION**, | § § § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the court is Plaintiff's Response and Opposition to the Court's Sua Sponte Motion to Dismiss the Causes Against Defendants Hale and ISG under the Illinois Human Rights Act (Doc. 187), filed June 3, 2015; and Defendant Hale's Response to the Court's Order and Request for Clarification and Reconsideration (Doc. 188), filed June 5, 2015.  For the reasons that follow, the court *sua sponte* **dismisses without prejudice** Plaintiff's claim under the Illinois Human Rights Act ("IHRA") against Defendants for failure to exhaust administrative remedies.  The court also **grants in part and denies in part** Defendant Hale's Request for Clarification and Reconsideration (Doc. 188).  Defendant Hale's motion is granted to the extent that the court **vacates** the portion of the court's prior memorandum opinion and order (Doc. 185) requiring Defendant Insurance Search Group ("ISG") to obtain counsel; and **clarifies** that the claims that remain for trial include those against Keith Hale ("Hale") and ISG for alleged retaliation under Title VII and the Texas Commission on Human Rights Act ("TCHRA").  Defendant Hale's motion is **denied** in all other respects.

**I.      Court's Sua Sponte Motion to Dismiss Plaintiff's IHRA Claim**

In its prior order, the court dismissed without prejudice all claims against John Doe Corporation after concluding that Plaintiff had abandoned any such claims. The court also *sua sponte* moved to dismiss without prejudice Plaintiff's IHRA claim against all Defendants for failure to exhaust administrative remedies. Plaintiff makes a number of arguments in response to the court's *sua sponte* motion to dismiss without prejudice his IHRA claim, none of which the court finds persuasive. Accordingly, the court **dismisses without prejudice** Plaintiff's IHRA claim against all Defendants for failure to exhaust administrative remedies.

**II.     Defendant Hale's Motion for Reconsideration**

   **A.      Requirement that ISG Retain Counsel**

Hale requests the court to reconsider its order requiring ISG to obtain counsel and cites federal case authority to the contrary from this district in which district courts have held that, unlike a corporation, a sole proprietorship can proceed pro se. After revisiting the issue and reviewing the cases cited by Hale, the court agrees. The court therefore **grants** Defendant Hale's Motion for Reconsideration on this ground and **vacates** the portion of the court's prior memorandum opinion and order (Doc. 185) requiring ISG to obtain counsel. Given that Hale and ISG are both proceeding pro se, Hale must attend the pretrial conference in person on behalf of himself and ISG.

   **B.      Request to Reconsider Denial of Defendants' Summary Judgment Motion**

Hale requests that the court reconsider its order accepting the magistrate judge's recommendation that his motion for summary judgment be denied. Hale also requests that the court explain its reasons for accepting the magistrate judge's findings and conclusions ("Report") given "the apparent mischaracterizations, misrepresentations, and omissions which may preclude the Court

from being objective and without prejudice toward Hale." Def.'s Mot. 6. Hale contends that "the Report, as it stands, might well prejudice a jury against Hale, if this case goes to a jury trial. Respectfully, Hale remains concerned, and opposes the magistrate judge's Report [Dkt. No. 179] being accepted by this Court as an accurate summary of the facts and the record." *Id.*

Alternatively, or in addition, Hale seeks clarification and expresses confusion regarding the claims or issues that remain for trial. Hale asserts that he does not understand what is left to be tried to a jury in this case and expresses frustration as follows:

> Because the [prior] RLI Litigation was dismissed with prejudice in Hale's favor, on what mooring does Nieman tie his claim against Hale in the instant case? Since Nieman was unencumbered by Hale in his employment process with Republic and suffered no injury, what claim derives from this lack of injury? For the purpose of trial preparation, Hale requests an explanation of what he is being tried for, and what issue, in particular, a jury will be asked to determine.

*Id.* at 7.

The questions and concerns raised by Hale are exactly the reason why it would be beneficial for him and ISG to be represented by counsel. It is not incumbent upon the court to explain to *pro se* litigants the ins-and-outs of litigation or the parties' respective burdens at trial or in the summary judgment context. Moreover, the court disagrees with Hale's contention that the court erred in accepting the magistrate judge's Report and recommendation that he was not entitled to judgment on Plaintiff's claims based on the grounds asserted in Defendants' summary judgment motion. The court therefore **denies** Hale's Motion for Reconsideration to the extent it seeks reconsideration of the court's order accepting the magistrate judge's Report and denying Defendants' summary judgment motion.

### C. Clarification Regarding Claims Remaining for Trial

Regarding the claims that remain, the court noted in its prior order after denying the parties' summary judgment motions: "Remaining for trial are Plaintiff's claims against Defendants Hale, ISG, and John Doe Corporation for retaliation under Title VII, the . . . TCHRA . . . , and the . . . IHRA." Mem. Op. and Order 2. As the court has dismissed without prejudice all claims against John Doe Corporation and Plaintiff's IHRA claim against all Defendants, the court **clarifies** that the claims that currently remain for trial include those against Hale and ISG for alleged retaliation under Title VII and the TCHRA.

### III. Conclusion

For the reasons stated, the court *sua sponte* **dismisses without prejudice** Plaintiff's claim under the IHRA against all Defendants for failure to exhaust administrative remedies. The court also **grants in part and denies in part** Defendant Hale's Request for Clarification and Reconsideration (Doc. 188) as follows: Defendant Hale's motion is granted to the extent that the court **vacates** the portion of the court's prior memorandum opinion and order (Doc. 185) requiring ISG to obtain counsel; and the court **clarifies** that the claims that remain for trial include those against Hale and ISG for alleged retaliation under Title VII and the TCHRA. Defendant Hale's motion is **denied** in all other respects.

**It is so ordered** this 8th day of June, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge