## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

Jason Lee Nieman,                               )
                                                )   Case No. 3:12 cv 02433 L
              Plaintiff                         )
                                                )
       vs.                                      )   Judge: Hon. Sam A. Lindsay
                                                )
                                                )   Magistrate Judge: Hon. David L. Horan
Keith Hale, Insurance Search Group              )
                                                )
              Defendants                        )
                                                )
                                                )
_____

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE
## PURSUANT TO F.R.C.P. 41(a)(2)

Now comes Plaintiff JASON NIEMAN ("Nieman"), *Pro Se,* respectfully, requesting an

order of dismissal *without prejudice* in this action pursuant to Fed. R. Civ. P. 41(a)(2).  For

reasons the Plaintiff will enumerate he is unable to attend the final pretrial or trial as scheduled,

physically.  Rather than having the Court dismiss the action for failure to prosecute, and have

Defendant Hale attempt to try and claim prevailing party status, Plaintiff believes that a

voluntary dismissal without prejudice, with leave to refile, is the most equitable action for the

Court to take in light of all circumstances.  In the alternative, Plaintiff is seeking reconsideration

as to physical attendance at the final pretrial (July 30, 2015) and requested continuance as to the

trial window (August 2015).

Plaintiff certifies this pleading compliant with Local Rule 7.1, and 7.2, including the

page and formatting limitations of L.R. 7.2(c), (d).  This pleading is 6 pages, including the

Certificate of Service.  Plaintiff notes that this type of motion does not appear to require a pre-

filing conference pursuant to local rule 7.1(a) so he did not seek concurrence or opposition

position from Defendants prior to filing.

## RELEVANT PROCEDURAL HISTORY

As the Court is aware this employment practices case was recently ordered for final trial phase after the parties' respective summary judgment motions were denied.  See *Order(s)* Dkt. 186 (6/3/2015) and Dkt. 175 (4/9/2015).

Consistent with the Court's initial *Order* [Dkt 175], Plaintiff has tried to confer with Defendant(s) several times since April 2015 through Defendant Hale.  Plaintiff has sent at least three emails to Hale and has attempted to comply with the Court's *Order(s)* as to issues such as witnesses, motions in limine, and related issues.  (See examples at Ex. A, B, attached).  For his part, Defendant Hale has effectively refused to respond, first basing refusal upon pending dispositive motions and then simply not responding in any legitimate regard as to the pretrial items and order.  However, on this date Defendant Hale did elect to finally respond with an alleged settlement position whereby he demands a myriad of relief, including seven years of claimed lost future business revenue. (See motion exhibit C, attached). Hale provides absolutely no basis for such positions and they are obviously frivolous.  See, e.g., *Fox v. Vice,* 563 U.S. ___ (2011), *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978) (Defendants are only entitled to seek attorney's fees under 42 U.S.C. 1988 if they are prevailing parties, if the actions are found to be objectively frivolous, and only then as to the specific parts of the action for which costs would have not been incurred but for frivolous aspects).  As the Court is aware, cases that survive summary judgment as to the Plaintiff are almost never deemed frivolous.  Though Defendant Hale has repeatedly made such assertions the record shows otherwise and Defendants also cannot show any evidence of improper motive or objective/subjective bad faith motive as to the Plaintiff as to any action Plaintiff has prosecuted against Hale and ISG.

As the Court is also aware, in the recent *Order* [Dkt. 6/3/2015] the Court noted that the trial date/window would be firm due to the fact that the case would go on a special list of cases over three years old, and that Plaintiff must attend the final pretrial on July 30, 2015 in person in Dallas, TX.   The Court also noted that failure to be ready for trial as ordered would result in dismissal for failure to prosecute.

Plaintiff herein updates the Court with additional relevant status information:

(1) On April 22, 2015 Plaintiff suffered an involuntary job elimination (layoff) along with his peer (Risk Manager) at his Springfield, Illinois employer.  (See copy of notification letter attached as motion exhibit E)

(2) Plaintiff is in process of relocating his home and family out of Illinois for alternative employment and was fortunate to be able to quickly secure alternative employment in Florida. This move is expected to be completed on or about July 10, 2015.

(3) Plaintiff will have accrued no vacation or time off of sufficient degree prior to the final pretrial and/or the ordered trial window.  Plaintiff cannot jeopardize his new employment by requesting unpaid leave as would be required and would also suffer a hardship in having to take unpaid time off for the ordered final pretrial and trial.

The Court will also note that based upon the Court's sua sponte motion [Dkt. 185, 6/3/2015] the Court ultimately dismissed the Illinois Department of Human Rights causes *without prejudice* on June 8, 2015 [Dkt. 189].  Plaintiff has contacted IDHR and again requested a formal disposition/right to sue but has yet to receive any response.  (See copy of supplemental request email/letter dated June 8, 2015, attached as motion exhibit D).

## **ARGUMENT**

As the Court is aware, a party may seek dismissal of an action voluntarily and without prejudice upon motion pursuant to Fed. R. Civ. P. 41(2) if the filing is made after an answer is filed.  In this case Defendant Hale has filed nor served any counterclaim nor does he have any legitimate basis to seek such an untimely filing at this point.  Defendant Hale has made it clear that he wishes to fight to the death and to seek damages he has neither properly pled nor could ever be deemed entitled to.  Defendant Hale has also pled to the Court repeatedly and under oath that he has been "financially destroyed" and is effectively indigent (and thus unable to pay any judgment for costs or damages which may be rendered against him or ISG).

While Plaintiff has no doubt that he would prevail at trial against the Defendants and anticipates he would receive a monetary judgment as well as likely injunctive relief against Defendants Hale and ISG, such would likely be a hollow victory if Hale's claims of indigence are valid.  Plaintiff has already secured two costs judgments against Hale/ISG which they have refused to pay and which are currently the subject of a separate formal enforcement action in this Court.  (See *Nieman v Hale et al.,* 3:14 cv 00038). As to those judgments, Hale has actually alleged that this Court lacks jurisdiction over him which is clearly false.  (See Dkt. 10, 3/10/2015, in the collection/enforcement action).

Plaintiff has incurred approximately $10,000 in costs (filing fees, deposition costs, travel, mail expenses, and other costs) in prosecuting this action against apparently indigent but clearly culpable Defendants.  Accordingly, with a strong likelihood of success on the merits (judgment) but a low probability of collectability, Plaintiff believes that he may well elect not to refile the action if the Court grants dismissal without prejudice and the IDHR issues a supplemental right to sue.

Plaintiff also understands that should he elect to refile he may be required to pay certain costs if the Court deems it appropriate and just pursuant to Rule 41(d).  Plaintiff also notes and warrants to the Court that prior to seeking this non-prejudical and voluntary dismissal Plaintiff has exhausted efforts to negotiate an amicable conclusion with Defendants.  Hale's demand of this date makes it clear that there is no legitimate opportunity for such conclusion here.

Additionally, because of Defendants' improper demands for fees, costs and/or other damages, Plaintiff requests that the order, if granted, specifically include an order that each party will bear its own costs and fees as to the voluntary dismissal.  Plaintiff, having not been represented at any time in this action is willing to forgo any costs he would be entitled to up to this point in this action in exchange for voluntary dismissal so long as he has assurance that Defendants will not be able to seek prevailing party status or costs.

To the extent the Court is not willing to grant dismissal without prejudice with each party bearing its own costs and/or fees, Plaintiff renews his motion for leave to attend final pretrial by telephone and for a continuance as to the trial window until after November 1, 2015, when Plaintiff will have accrued at least some vacation.   Such a continuance would also allow Plaintiff to secure a written disposition (right to sue) from the IDHR and to seek reactivation of such causes for trial.

## CONCLUSION

For these good reasons, and for other good reasons the Court may identify upon its own review, the Plaintiff respectfully requests that the Court dismiss this action without prejudice, entering an order that each party bear its own costs and fees.  In the alternative, Plaintiff requests that the Court grant Plaintiff certain accommodation and relief as to telephonic attendance at the final pretrial (July 30, 2015) and as to a continuance of the scheduled trial window to allow vacation accrual and IDHR right to sue/determination to occur..

Respectfully submitted this June 17, 2015

/s/ Jason L. Nieman
Jason L. Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com

## CERTIFICATE OF SERVICE

Jason Nieman, *pro se*, certifies that on this date (June 17, 2015) he electronically filed a true and correct copy of the foregoing pleading and exhibits with the clerk of the court for the Northern District of Texas, at Dallas, by way of the Court's ECF/CM system.

Defendants Keith Hale and ISG have secured ECF/CM access and agreed to its conditions, and should receive electronic copies of this pleading and the related exhibits at:

Keith Hale and Insurance Search Group
C/O Keith Hale
1064 W. Winding Creek Drive
Grapevine, TX 76051
817 481 5000
keith@insearchgroup.com

/s/ Jason L. Nieman
Jason L. Nieman, Pro Se
1700 Windycrest Drive
Springfield, IL 62704
217 836 7126
Nieman46804@yahoo.com