IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON LEE NIEMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2433-L** |
| | § | |
| **KEITH HALE AND INSURANCE** | § | |
| **SEARCH GROUP,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(2) (Doc. 190), filed June 17, 2015.  For the reasons herein explained, the court **grants** Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(2) (Doc. 190) and **dismisses without prejudice** this action under Rule 41(a)(2).  The alternative relief requested by Plaintiff is **denied.**

Plaintiff requests that this action be dismissed because he is unable to physically attend the pretrial conference or trial as scheduled.  Plaintiff requests that the court dismiss the case without prejudice and require the parties to bear their own costs, but he understands that the court may require him to pay certain costs under Rule 41(d) of the Federal Rules of Civil Procedure if he subsequently files the same action against Defendants.  Plaintiff's motion indicates that Defendants are opposed to the dismissal of this action unless Plaintiff is required to pay the attorney's fees and costs incurred by Defendants as a result of this action.

Alternatively, Plaintiff requests the court to reconsider its denial of his request to attend the pretrial conference remotely by telephone or other means and extend the trial date.  Plaintiff asserts that he was recently laid off from his job and will be moving to Florida to seek alternative

**Memorandum Opinion and Order – Page 1**

employment.  Plaintiff requests a trial date of November 2015, when he will have accrued vacation time at his new job to attend the trial.  Plaintiff also indicates that if the trial is extended, the extenstion will give him an opportunity to secure a written disposition of his claim under the Illinois Human Rights Act ("IHRA") against Defendants, which was previously dismissed without prejudice for failure to exhaust administrative remedies.

Because Plaintiff has chosen to represent himself, the court previously explained that his physical attendance at the pretrial conference was necessary.  The court also explained that while it is sympathetic to Plaintiff's situation and alleged conflict, which previously involved his wife's attendance at exercise conference, it cannot always arrange its busy civil and criminal docket around the parties' personal schedules.  This case will be three years old July 19, 2015, and the court's trial docket between now and May 2016 is currently full.  Accordingly, if this case is not tried in August 2015 as scheduled, the resolution of this litigation will likely be delayed unnecessarily for another year.  Moreover, even if the court extended the trial date, it would not allow Plaintiff to pursue in this case his IHRA claim or other claims that were previously dismissed.  For these reasons, the court **denies** Plaintiff's renewed request for the court to allow him to attend the pretrial conference remotely by telephone or other means and his request to extend the trial to November 2015.  The court nevertheless concludes that dismissal without prejudice of this action is appropriate with the imposition of certain conditions to protect Defendants.

Plaintiff's motion to dismiss is governed by Federal Rule of Civil Procedure 41(a)(2).  As answers and summary judgment motions have been filed, and Defendants have not stipulated to the dismissal of the action, this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Ordinarily, a motion for

**Memorandum Opinion and Order – Page 2**

voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted).   Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*   Legal prejudice will exist when an affirmative defense would be lost. *Elbaor*, 279 F.3d at 318.   Legal prejudice may also exist if the nonmovant could lose a forum non conveniens defense. *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990).   Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199 (5th Cir. 1991).   Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion.   If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted).   "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

A dismissal based on a motion filed pursuant to "Rule 41(a)(2) is within the sound discretion of the court." *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (citation and internal quotation marks omitted).   From the plain text of Rule 41(a)(2), a court is essentially required to resolve three distinct issues: (1) whether to permit a dismissal of the action; (2) whether any terms should be placed on or accompany the dismissal; and (3) whether the dismissal is to be with or without prejudice.

The court determines that Defendants will not be legally prejudiced if the action is dismissed without prejudice, and no counterclaims have been asserted by Defendants, so nothing remains to be adjudicated.  Accordingly, the court **grants** Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to F.R.C.P. 41(a)(2) (Doc. 190) and **dismisses without prejudice** this action under Rule 41(a)(2).  The parties shall bear their own costs of this suit; *however, if Plaintiff files another action asserting the same or similar claims against Defendants based on the facts of this case, the court, in the interest of justice, will require Plaintiff to pay all or part of the attorney's fees and costs that Defendants reasonably incurred in this action.  Plaintiff will not be allowed to proceed with a new action until such attorney's fees and costs, as the court determines, are paid. See Fed. R. Civ. P. 41(d).  Further, if Plaintiff files another asserting the same or similar claims against Defendants based on the facts of this case and dismisses that action, such dismissal will operate as an adjudication on the merits under Rule 41(a)(1)(B).*

**It is so ordered** this 18th day of June, 2015.


Sam A. Lindsay
United States District Judge