**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

Jason Lee Nieman,  )
        Plaintiff  ) Case No. 3:12 cv 02433 L
   vs.  ) Judge: Hon. Sam A. Lindsay
   ) Magistrate Judge: Hon. David L. Horan
Keith Hale, Insurance Search Group  )
        Defendants  )

## **PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT HALE'S RULE 59 MOTION [DKT. 192, 193]**

Now comes Plaintiff JASON NIEMAN ("Nieman"), *Pro Se,* respectfully, responding to and opposing Defendant Hale's recent filings [Dkt. 192, 193]. As the Court can see, these are simply the latest in a long line of improperly formatted, untimely, and non-persuasive pleadings filed by a Defendant (Hale) who simply refuses to take an opportunity to move on with his life.

Plaintiff believes that the Court will agree that Defendants' filings and prayers should be flatly rejected, and the Court's prior *Order* [Dkt. 191; 6/18/2015] granting the Plaintiff's motion for voluntary dismissal without prejudice, should be affirmed. In the alternative, to the extent the Court believes that Hale's arguments in favor of reactivation of the case have any merit whatsoever, Plaintiff believes that the Court should grant Plaintiff's prior motion for continuance as to the trial so as to allow the case to be tried to its merits before jury.

## **RELEVANT PROCEDURAL HISTORY**

As the Court is aware this employment practices case was recently ordered for final trial phase after the parties' respective summary judgment motions were denied. See *Order(s)* Dkt. 186 (6/3/2015) and Dkt. 175 (4/9/2015). With conflicts in scheduling and inability to take

vacation as to his new employment, Plaintiff moved the Court to allow voluntary dismissal of the action without prejudice. [Dkt. 190; 6/17/2015]. The Court granted Plaintiff's motion, with constraints; the Court advised Plaintiff that he would likely bear certain costs and/or fees if he refiled the action, in fairness to the Defendants. [Dkt. 191; 6/18/2015].

As the Court is also aware, on July 17, 2015 the Defendants filed several pleadings:

(1) A pleading that appears to be a Rule 59 motion for amendment of a judgment. [Dkt. 192].

(2) A pleading to correct the prior pleading. [Dkt. 193]

Plaintiff anticipates that the Court will agree that both pleadings are not only untimely, but improperly formatted and utterly lacking in factual, procedural, or relevant precedential merit. Accordingly, Plaintiff anticipates that the Court will flatly deny Defendants' pleadings and will most likely simply affirm the prior rulings.

## **ARGUMENT**

As the Court is aware, a motion under Fed. R. Civ. P. 59 seeks modification and/or relief from a *judgment.* In this case, Plaintiff does not believe that a judgment on the merits sufficient to activate Rule 59 was rendered. In the unlikely event that the Court believes that Rule 59 applies, Defendants' motion is also untimely. Under Rule 59(e) a party has just 28 days from the entry of judgment to seek amendment. The *Order* [Dkt. 191] in question was issued on June 18, 2015 and Defendants' motion(s) were filed on July 17, 2015. A simple Internet calculator shows that period as 29 days. As the Court will likely agree, untimely is untimely, particularly with motions under Rule 59, and a motion filed just one day late may be denied for that reason alone. See, e.g., *McLendon v. Big Lots Stores, Inc.,* No. 13-20338 (5th Cir. April 15, 2014) (unpublished), *Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465 (5th Cir. 1998).

Construed in the most liberal fashion, Defendants have also pled a motion for attorney's fees and/or costs under Rule 54. Hale claims he has paid $17,000 and remains in debt to the tune of $35,000 to attorneys in the instant case. (See *Motion* [Dkt. 192] at page 16]. Defendants offer no proof of this assertion, nor any foundation as to under what basis they could ever seek relief. Plaintiff has previously shown to the Court that Defendants' prior and/or separately pled assertions of such items are highly suspect, if not a matter of false swearing and/or perjury by Defendant Keith Hale that could be confirmed by this Court, or others.

As the Court is aware, Rule 54(d) requires a party to seek costs and/or attorney's fees within 14 days of the entry of judgment. Defendants motion, even construed in the most liberal terms is several weeks untimely. Additionally, Defendants were not the prevailing parties as to any "judgment", nullifying any chance to seek such relief. See, also *Dean v. Riser,* 240 F.3d 505 (5th Cir. 2001) (a defendant may be a prevailing party if an action is voluntarily dismissed *with* prejudice, but the analysis still is subject to the strict burden under *Christiansburg).* See also *Williams v. Ezell,* 531 F.2d 1261 (5th Cir. 1976) (Defendant not a prevailing party where the court granted a motion for voluntary dismissal under Rule 41(a)(1).)

Even if Defendants had prevailed in this action, the ability to seek Defendants' prevailing party attorney's fees is extremely suspect and unlikely. As the Court is aware, Rule 54(d)(2) requires the movant to specify the basis under which relief is sought, which is completely lacking in this case.

The Court is also aware, if Defendants refuse to acknowledge, that a party seeking prevailing party fees under 42 U.S.C. §1988 bears a very steep burden. In order to secure such a relief a party generally must show either (1) that the action was objectively frivolous from the outset, (2) that it was brought in objective and proved bad faith and/or (3)

that the plaintiff continued to litigate an action perhaps believed viable at one time once any reasonable person would have realized (through discovery) that they could not meet their proof burden in order to prevail. See, e.g., *Fox v. Vice,* 563 U.S. ___ (2011), *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978) (Defendants are only entitled to seek attorney's fees under 42 U.S.C. 1988 if they are prevailing parties, if the actions are found to be objectively frivolous, and only then as to the specific parts of the action for which costs would have not been incurred but for frivolous aspects). As the Court is aware, cases that survive summary judgment as to the Plaintiff are almost never deemed frivolous. Defendants' most recent pleadings add nothing to the analysis.

Defendants have also demanded some form of compensation for their "time" spent in litigating the present matter. (See, e.g., Dkt. 192 at page 6, where Defendant Hale alleges that the action forced him to "neglect his business" in January of 2014). As the Court is aware, this type of relief is never available, even for a person who is, by trade, and attorney and acting pro se. See, e.g., *Burka v. U.S. Dept. of Health and Human Svcs.,* No. 97-5150 (D.C. Cir. May 1998), *Lawrence v. Staats,* 586 F.Supp. 1375 (Dist. Col. 1984). A pro se litigant who is not an attorney also cannot seek or recover attorney's fees under 42 U.S.C. § 1988. *Colfield v. City of Atlanta,* 648 F.2d 986, 987-88 (5th Cir. 1981). Defendant Hale has provided absolutely not foundation, credible or otherwise, that the failure or deterioration of his trade and or business has anything to do with the pending action, nor that he could seek any relief as to any such actual or alleged "damages".

As the Court is similarly aware, Defendants' most recent filings include what appears to be the third request for reconsideration as to Defendants' motion for summary judgment (by way of a request for "sua sponte summary judgment"). Though difficult to decipher as are most of

Hale's pleadings, Defendants' basis seems to be that because he prevailed (in the interim) in Illinois state court (as to a separate and distinct action), this somehow entitles him to a third "do over" attempt as to summary judgment in this case.  Not surprisingly, Defendants' pleading is devoid of any authority to support such a request and/or motion.  Additionally, the Court commented that Hale's actual or claimed confusion in clear and unambiguous terms:

*"The questions and concerns raised by Hale are exactly the reason why it would be beneficial for him and ISG to be represented by counsel. It is not incumbent upon the court to explain to pro se litigants the ins-and-outs of litigation or the parties' respective burdens at trial or in the summary judgment context. Moreover, the court disagrees with Hale's contention that the court erred in accepting the magistrate judge's Report and recommendation that he was not entitled to judgment on Plaintiff's claims based on the grounds asserted in Defendants' summary judgment motion. The court therefore **denies** Hale's Motion for Reconsideration to the extent it seeks reconsideration of the court's order accepting the magistrate judge's Report and denying Defendants' summary judgment motion." Order* [Dkt. 189; 6/8/2015] at page 3.

As the Court is aware, motions for reconsideration are not really even accounted for in the Federal Rules of Civil Procedure and are, at best, disfavored.  They are appropriate only where there is truly a legitimate argument that the court's ruling represents an abuse of discretion, a ruling against the manifest weight of the evidence, and/or clear error.  Certainly, Plaintiff is unaware of any party so brazen as to as to seek reconsideration three times as to the same denied motion.

Defendants, and particularly Defendant Keith Hale, also continue to show a brazen lack of regard for the truth in pleadings.  In the most recent filings, Hale attempts to assert that he has prevailed in the concurrent Illinois action.  This is a clear misstatement of fact just as is any assertion that this well known concurrent matter is a matter of "new evidence" in any way, shape, or form.  While it is true that Hale/ISG received a grant of summary judgment and dismissal in the concurrent Illinois action (11 L 333; Peoria County, IL) at the trial level, the matter is currently under appeal.  (3-15-1270, Illinois Third Appellate District).  As pledged in

his motion seeking voluntary dismissal [Dkt. 190], Plaintiff was willing to consider a cessation of hostilities and litigation with Hale (Defendants) if Hale was willing to do this. Clearly Defendant Keith Hale, on his own behalf, and on behalf of his d/b/a (Insurance Search Group) has no interest in such a situation and instead wishes to continue to be the protagonist. Accordingly, to the extent Keith Hale continues to force Plaintiff to defend himself, Plaintiff will do so.

To be sure, Plaintiff cannot speak for the Court, but Plaintiff interpreted the Court's ruling in question [Dkt. 191] as a clear message to both parties to move on with their lives and out of the legal system, or at least this Court. Plaintiff has attempted to follow this perceived guidance, but it appears that Defendants refuse to, despite their consistently asserted indigent status.

The closest thing Defendants make to a legitimate argument is that they were prejudiced by the dismissal close to trial. (See, e.g., [Dkt. 192] at page 4 et seq.) But the Court equitably accounted for this by setting rather firm terms upon the Plaintiff in the event of any refiling. Defendants have also done nothing to assure the Court, or Plaintiff, that they are not indigent and would be able to actually pay the judgment for damages and costs that they seem to be almost insistent upon risking to have imposed upon them by virtue of trial before jury.

Defendants also argue that the action was voluntarily dismissed to avoid an "imminent adverse ruling". (See *Motion* [Dkt. 192] at page 10 et seq.) Defendants offer absolutely no facts in support of such a conclusion, and the clear record certainly does not support a conclusion that any adverse ruling or verdict was "imminent" as to either the Court or a jury, as to Plaintiff's case. Indeed, the record suggests an excellent chance that a jury would have rendered judgment upon and against Hale and ISG for a significant level of damages of an

intentional tort nature that they likely could not have sought to cleanse themselves of in bankruptcy.

In summary, Plaintiff believes that the Court will agree that Defendants cannot possibly hope to secure the relief they seek in any way, particularly as the filings are as improperly formatted as they are untimely.  However, to the extent the Court believes that in light of Defendants' untimely protestations that they are entitled to their day in court, Plaintiff would ask the Court to amend the prior ruling so as to allow him to refile the action without penalty, cost or sanction, or alternatively to reactivate the case and  grant continuance as to the final pretrial and trial proceedings.  Certainly, this Court certainly has the authority to vacate the voluntary dismissal, grant continuance, and reset the case for trial pursuant to Rule 60(b).  See, e.g., *Yesh Music v. Lakewood Church,* No. 12-20520 (5th Cir. August 14, 2013).

However, in the end the Plaintiff believes that the Court's prior ruling [Dkt. 191] and associated foundation was proper, wise, and just, with due consideration as to the rights of both parties.  Accordingly, Plaintiff anticipates that the Court will believe that the most proper action will be simply to simply deny and/or strike Defendants' most recent filings [Dkt. 192, 193], affirming the voluntary dismissal *Order* [Dkt. 191] and leaving the case in a closed status.

Respectfully submitted this July 17, 2015

/s/ Jason L. Nieman
Jason L. Nieman, *Pro Se*
1700 Windycrest Drive
Springfield, IL 62704
217 836 4103
Nieman46804@yahoo.com

## **CERTIFICATE OF SERVICE**

Jason Nieman, *pro se*, certifies that on this date (July 17, 2015) he electronically filed a true and correct copy of the foregoing pleading and exhibits with the clerk of the court for the Northern District of Texas, at Dallas, by way of the Court's ECF/CM system.

Defendants Keith Hale and ISG have secured ECF/CM access and agreed to its conditions, and should receive electronic copies of this pleading and the related exhibits at:

Keith Hale and Insurance Search Group
C/O Keith Hale
1064 W. Winding Creek Drive
Grapevine, TX 76051
817 481 5000
keith@insearchgroup.com

/s/ Jason L. Nieman
Jason L. Nieman, Pro Se
1700 Windycrest Drive
Springfield, IL 62704
217 836 4103
Nieman46804@yahoo.com