IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON LEE NIEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2433-L** |
| | § | |
| KEITH HALE AND INSURANCE | § | |
| SEARCH GROUP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Hale's Motion to Alter or Amend the Court's Judgment Granting Plaintiff Nieman Voluntary Dismissal Without Prejudice [Dkt. No. 191] in Accord with Rule 59(e) (Doc. 192); and Defendant Hale's Request to Submit Corrections to Dkt. No. 192 (Doc. 193). Both motions were filed July 17, 2015, twenty-nine days after the court entered its order dismissing this action without prejudice on June 18, 2015, under Federal Rule of Civil Procedure 41(a)(2) (Doc. 191). After considering the motions, the court **denies** Defendant Hale's Motion to Alter or Amend the Court's Judgment Granting Plaintiff Nieman Voluntary Dismissal Without Prejudice [Dkt. No. 191] in Accord with Rule 59(e) (Doc. 192); and **denies as moot** Defendant Hale's Request to Submit Corrections to Dkt. No. 192 (Doc. 193).

The court construes Defendant Hale's motions as motions by both Defendants in this case. In their 27-page Motion to Alter or Amend the Court's Judgment, Defendants contend that, given Plaintiff's litigious history of bringing other actions against them in the past, they are prejudiced by the court's order granting Plaintiff's last-minute request to dismiss without prejudice this action under Rule 41(a)(2). Defendants contend that they are prejudiced because they have incurred attorney's fees and costs and Defendants' business has been neglected in defending against

Plaintiff's claims in this action.  Defendants contend that they are entitled to compensation for the time spent responding to Plaintiff's baseless claims.  Defendants, therefore, assert that the court's dismissal without prejudice of this action was a plain or manifest error of law.  Defendants further assert that the court should reinstate this case based on new evidence that was allegedly discovered sometime after the close of discovery in this case.  For relief, Defendants request that the court "vacate its Order under Rule 60(b) [or Rule 59(e)], and enter a sua sponte summary judgment with prejudice in [their] favor." Defs.' Mot. 17.  Defendants also request that the court enter an order requiring Plaintiff to pay for all legal expenses incurred and pro se work expended by them in this action.  Plaintiff opposes the Motion to Alter or Amend the Court's Judgment. In their Request to Submit Corrections, Defendants seek to make corrections and file an amended Motion to Alter or Amend the Court's Judgment.

The court has considered the requested amendments and corrections in ruling on Defendants' Motion to Alter or Amend the Court's Judgment.  Rather than allowing the requested amendment, which would replace the previously filed Motion to Alter or Amend the Court's Judgment, the court simply treats the additional information in the Request to Submit Corrections to Dkt. No. 192 and attachment as a supplement to the previously filed Motion to Alter or Amend the Court's Judgment and **denies as moot** the Request to Submit Corrections to Dkt. No. 192 (Doc. 193).  For the reasons that follow, however, the court determines that Defendants are not entitled to the substantive relief requested in their Motion to Alter or Amend the Court's Judgment, even after considering the supplemental information.

Pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).  Defendants filed

their Motion to Alter or Amend the Court's Judgment more than 28 days after the court dismissed without prejudice this action.[1]  Federal Rule of Civil Procedure 60(b) therefore applies.  *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir. 1990) ("If [a] motion is [filed] within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b).") (footnote omitted),[2] *abrogated on other grounds by Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).  A movant under Rule 60(b) is not entitled to relief unless he or she establishes one of the following grounds:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged; or (6) any other reason that justifies relief. *Lavespere*, 910 F.2d at 173.  Rule 60(b)(6) is a "catch-all" provision that is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).  Defendants appear to be relying on Rule 60(b)(2) and (b)(6).

The primary basis for Defendants' Motion to Alter or Amend the Court's Judgment is the alleged legal prejudice they will suffer in the form of fees and expenses incurred in this action.  This, however, is not a ground for relief under Rule 60(b).  Moreover, compensation for pro se work is not compensable, and Defendants have not asserted any counterclaims in this action that would entitle them to recover damages, attorney's fees, or costs; nor have they sought sanctions against Plaintiff

---

[1] Certain of Plaintiff's claims were dismissed without prejudice at the summary judgment stage, whereas this action in its entirely was dismissed without prejudice pursuant to Federal Rule of Civil Procedure  Rule 41(a)(2).

[2] In 2009, Rule 59(e) was amended, and the amendment changed the period of time to file a motion from 10 days to 28 days; however, this amendment does not affect the substantive holding of *Lavespere.*

Memorandum Opinion and Order – Page 3

at any time while the case was pending that would entitle them to the compensation requested. Even if Defendants had prevailed on Plaintiff's claims, they would not be entitled to recover attorney's fees. As noted in the court's order, Plaintiff will, nevertheless, be required to pay all or part of Defendants' attorney's fees and costs in this action *if* he files another action asserting the same or similar claims against Defendants based on the facts of this case.

In the section of their motion entitled "New Evidence," Defendants also allude to the "Resolution of the Illinois Action" and reargue the facts of this case, but they do not explain what specific new evidence was discovered, how the evidence was discovered, or why the evidence could not have been discovered and developed during the three years that this case was pending. Defs.' Mot. 14-15. In their Request to Submit Corrections, Defendants clarify that the new evidence is an April 13, 2015 summary judgment ruling in Defendants' favor with respect to Plaintiff's employment law claims in an Illinois action. The resolution of Plaintiff's claims in the referenced Illinois action is not necessarily dispositive of the claims in this case, as it is not evidence, and it is unclear what evidence formed the basis of the opinion that was not available or presented in this case. Moreover, the requested clarification or correction fails to explain why the opinion in the Illinois action could not have been brought to the court's attention before now.

Defendants also do not explain why the evidence or arguments presumably relied on by them in the Illinois action could not have been presented in this case when the parties briefed their respective summary judgment motions or before the magistrate judge entered his findings and recommendation ("Report") on the parties' summary judgment motions on May 8, 2015. Likewise, Defendants fail to explain why the evidence they now rely on could not have been brought to the court's attention long before the court ruled on the parties' objections to the magistrate judge's

**Memorandum Opinion and Order – Page 4**

Report and before this court dismissed without prejudice the action on June 18, 2015.  Accordingly,

Defendants are not entitled to relief under Rule 60(b)(2) based on newly discovered evidence.  The

court also concludes that Defendants have not made a showing of "extraordinary circumstances."

*Hess*, 281 F.3d at 216.  The court, therefore, **denies** Defendants' Motion to Alter or Amend the

Court's Judgment Granting Plaintiff Nieman Voluntary Dismissal Without Prejudice [Dkt. No. 191]

(Doc. 192).

      **It is so ordered** this 5th day of October, 2015.


                            Sam A. Lindsay
                            United States District Judge

**Memorandum Opinion and Order – Page 5**